664 A.2d 172

**Anthony C. PETRONE, Appellee,**

v.

**WHIRLWIND, INCORPORATED, a Corporation, Appellee,**

**Saw Sales & Machinery Co., a Corporation, Appellant.**

Superior Court of Pennsylvania.

Argued April 26, 1995.

Filed Sept. 1, 1995.

David M. Neuhart, Pittsburgh, for appellant.

Bernard J. McAuley, Pittsburgh, for Whirlwind, appellee.

Before DEL SOLE, KELLY and BROSKY, JJ.

DEL SOLE, Judge:

This appeal is from an Order refusing to remove the court's entry of Judgment Non Pros by denying Appellant's Petitions for Reconsideration and for Relief from a Judgment of Non Pros.

The case stems from an accident in which Appellee, Petrone sought to recover damages suffered while operating a saw allegedly manufactured by Appellee Whirlwind, Inc. and sold by Appellant Saw Sales Machinery Company. The day preceding a scheduled jury trial, Appellant entered into a settlement agreement with Appellee, Petrone. Appellant subsequently filed a Motion for Continuance in order to pursue an indemnification claim against Whirlwind, Inc. and the case was relisted for trial in November of 1994. Pursuant to Pa. R.Civ.P. Rule 212, a court-supervised pre-trial settlement conference was scheduled. Notice of the conference was published in the Pittsburgh Legal Journal, which Appellant's counsel admitted he had observed. Appellant's counsel failed to appear at the scheduled time for the pre-trial conference. The court initiated two phone calls in an attempt to locate counsel. When the court was unable to locate him, the judge called the Appellant's law firm and spoke with another attorney. Following that conversation, the non pros was entered and the court's reasoning was as follows:

> ... after initiating at least two phone calls to try to locate him and then making a third request to speak to any attorney from his law firm, and after learning of no reason why he could not be found, the Court at 3:45 p.m. informed counsel for Whirlwind, Inc. that the cross-claim of Saw Sales & Machinery Co. would have to be dismissed for failure to prosecute. Only after that ruling had been made did an attorney from Mr. Neuhart's firm return the Court's

calls. Unfortunately, while she advocated strongly against the dismissal, there was no information available to her to explain either counsel's non-appearance or his settlement posture.

The Court requested that Whirlwind's counsel keep its settlement offer open in case the dismissal and potential appeals therefrom might elicit a demand from missing counsel which Whirlwind could accede to. This was an attempt to ameliorate the obviously harsh effect of the Court's Order. It was also more consideration than was merited given the still unjustified absence of counsel from an important Court proceeding.

Trial Court Opinion of November 9, 1994 filed in response to the Reconsideration request. In response to this request, the court further concluded that because there was no reason set forth in this motion for counsel's absence, the case would be dismissed for failure to prosecute "with prejudice."

Following this denial, counsel timely filed a Petition to Open Judgment of Non Pros averring facts surrounding his failure to appear. This is in contrast to the averments in the Reconsideration request which only focused on the lack of prejudice and the fact that the Statute of Limitations had not yet run on the indemnification claim. In response to the Petition to Open, the Court entered an Order on November 29, 1994, denying the request and reaffirming its prior disposition.

We reaffirmed in *Anderson v. Pennsylvania Financial Responsibility Assigned Claims Plan*, 432 Pa.Super. 54, 637 A.2d 659 (1994) that attorneys are under the same duty to appear at conciliation or pre-trial conferences as they are to appear for trial. The consequences for failure to appear at trial are set forth in Pa.R.Civ.P. 218, which provides as follows:

Rule 218. Party Not Ready When Case is Called for Trial;

(a) Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit

on motion of the defendant or a non pros on the court's own motion...

(c) A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse.

Note: The mere failure to appear for trial is a ground for entry of a nonsuit or a judgment of non pros or the reinstatement of a compulsory arbitration award.

... a judgment of non pros is subject to the filing of a petition under Rule 3051 for relief from a judgment of non pros.

■ Although Rule 218(c) has the effect of making a hearing unnecessary at the time of the failure to appear, Explanatory Comments of 1993 to the Rule provide that "if the court enters a nonsuit or a judgment of non pros or dismisses an appeal and there exists a sufficient excuse, the aggrieved party may present the excuse through a motion to remove the nonsuit or a petition to open the judgment or reinstate the appeal. The petition or post-trial procedure will result in a record which will enable an appellate court to review the trial court's action to determine if there has been an abuse of discretion."

In addition, Rule 3051 of the Pennsylvania Rules of Civil Procedure envisions another "safety valve" or method of relief from a judgment of non pros. When a plaintiff petitions the court after a judgment of non pros has been entered, Rule 3051 provides the court with an opportunity to review its decision.

■ The Comment to Rule 3051 states that "since the rule adopts the practice of seeking relief from a judgment of non pros in the trial court prior to taking an appeal, the rule also adopts traditional requirements for the opening of the judgment as set forth in the *Valley* case." In *Valley Peat & Humus v. Sunnylands, Inc.,* 398 Pa.Super. 400, 581 A.2d 193, 196 (1990), three factors must be present in order to open a non pros judgment. These are (1) the petition to open must be promptly filed; (2) the default or delay must be reasonably explained; and (3) facts must be shown to exist which support

a cause of action. We note that factors (1) and (3) are undisputedly satisfied.

■ Here the trial court filed a memorandum in Support of the Order denying the Petition for Reconsideration on November 9, 1994. Without a hearing and before the filing of an answer, the Court adopted the November 9, 1994 memorandum in denying Appellant's Petition to Open Judgment of Non Pros. The court failed to comment on the reasons counsel for Appellant set forth in the petition. No hearing was held at which counsel for Appellant would have had an opportunity to attempt to justify his omission. We find that a more thorough inquiry is required by Rule 3051.

The 1993 Amendment to Rule 218 adding subsection (c) was to eliminate a procedural step before entry of the judgment following non appearance. We had held in *Stock v. Arnott*, 415 Pa.Super. 113, 608 A.2d 552 (1992) that the imposition of the drastic penalty of a dismissal with prejudice without affording the defendant the opportunity to explain his absence, was unreasonable and unjust. We also had held in *Christopher's Auto Parts v. Gilmore*, 410 Pa.Super. 541, 600 A.2d 585 (1991) that where appellant failed to appear at *de novo* trial, fact-finding was required to determine whether appellant was without satisfactory excuse, before the trial court could reinstate the original arbitration award. The effect of this change is not only to permit the entry of the dismissal but to permit a post sanction review of the reason for non-appearance.

In the instant case, it is claimed that a mistake was inadvertently made in an office where this type of mistake is not a pattern and that counsel's attendance at a CLE course prevented him from being informed of the need for his presence at the pre-trial. Based on the allegations in the Petition, Appellant's counsel may have a sufficient excuse for failing to appear, or at the least to avoid a non pros. The Court is required to conduct a hearing to determine whether the excuse of counsel is satisfactory and whether the conduct warrants dismissal. Counsel set forth reasons for his failure to appear in the Petition to open judgment of Non Pros.

Because we can find no indication in the record that the trial court considered the reasons provided and balanced them against the sanction order, we conclude that the trial court misapplied the law and abused its discretion in dismissing Appellant's petition without first determining whether a satisfactory excuse for failing to appear at the pre-trial conference has been presented. The equitable requirements set forth in *Stock, Christopher's Auto Parts, supra* still must be satisfied. We, therefore, reverse the trial court order and remand to the trial court for proceedings consistent with this opinion. We do so knowing that the trial court will consider the reasons for counsel's failure to appear, the circumstances that prevented him from being notified of the court's call, the drastic sanction imposed and the need to do justice between the parties as balanced with the court's desire to control its schedule and arrive at a just result.

Order refusing to remove the non pros reversed and case remanded to the trial court for further proceedings. Jurisdiction relinquished.