J-S45030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN KLIMCHAK, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TROY THOMAS, | |
| Appellee | No. 1907 WDA 2015 |

Appeal from the Judgment Entered December 7, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): AR-14-004347

BEFORE:  OLSON, DUBOW AND PLATT,* JJ.

CONCURRING AND DISSENTING MEMORANDUM BY OLSON, J.:

FILED: October 26, 2016

Although I agree with the learned Majority's determination to vacate the judgment in this case, I must respectfully dissent from the Majority's decision to remand the case for a new trial.  I would vacate the judgment in this case and remand for a hearing on Appellant's "post-trial motion."

The Majority clearly explained why the trial court abused its discretion when – without holding a hearing – it denied Appellant's request for a new trial on both Appellant's claim against Mr. Thomas and Mr. Thomas' counterclaim against Appellant.  To be sure, in this case, Appellant proffered a "satisfactory excuse" for failing to appear at the November 5, 2015 trial.

Nevertheless, even though Appellant **proffered** a satisfactory excuse, Appellant's averments do not constitute established facts.  Rather,

*Retired Senior Judge assigned to the Superior Court.

factfinding is necessary to determine whether Appellant's averments are true.

In my view, the Majority incorrectly omitted the obligatory hearing and factfinding and has, instead, held that Appellant's mere averments satisfy his burden of persuasion. ***See***, ***e.g.***, Pa.R.C.P. 218 cmt. ("the burden [is] placed upon the party who has failed to appear to show cause why the trial court should reopen the proceedings"). I believe this is a mistake. Thus, although I agree that the trial court erred in denying Appellant's "post-trial motion," I would not (at this juncture) remand for a new trial. Instead, I would remand for a hearing on Appellant's post-trial motion, so that the necessary and proper factfinding may occur. ***See***, ***e.g.***, Pa.R.C.P. 218 cmt. ("[i]f the court enters a nonsuit or a judgment of *non pros* or dismisses an appeal and there exists a sufficient excuse, the aggrieved party may present the excuse through a motion to remove the nonsuit or a petition to open the judgment or reinstate the appeal. The petition or post-trial procedure **will result in a record** which will enable an appellate court to review the trial court's action to determine if there has been an abuse of discretion") (emphasis added); ***see also Petrone v. Whirlwind, Inc.***, 664 A.2d 172, 175 (Pa. Super. 1995) ("[t]he Court is required to conduct a hearing to determine whether the excuse of counsel is satisfactory and whether the conduct warrants dismissal").