J-A10019-17

2017 PA Super 304

| ROBERT BANKS AND YVONNE OWENS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| HEZEKIAH COOPER, AND ALL STATE LOGISTICS, LLC, AND ANNA KING | |
| Appellees | No. 3003 EDA 2016 |

Appeal from the Order Dated August 18, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): April Term, 2015, No. 15-0401552

BEFORE: DUBOW, J., SOLANO, J., and FORD ELLIOTT, P.J.E.

OPINION BY SOLANO, J.: **FILED SEPTEMBER 26, 2017**

Appellants Robert Banks and Yvonne Owens appeal from the August 18, 2016 order denying their petition to open a judgment of Non Pros. For the reasons set forth below, we vacate the trial court's order and remand this case for further proceedings.

On May 8, 2015, Appellants filed suit against Hezekiah Cooper, Allstate Logistics, LLC, and Anna King (collectively "Appellees") for breach of contract and fraud. According to Appellants, both Banks and Owens had loaned Cooper money with an understanding that Cooper would repay the loans by making each of them a 50% partner in his company, Allstate Logistics. In addition, Owens claimed to have been in an amorous relationship with Cooper for a number of years and alleged that her generosity toward him had been based on the belief that she and Cooper would eventually get

married. She further alleged that, to the contrary, Cooper was a "lothario" who preyed upon numerous women by feigning romantic intentions in order to obtain money from them. Appellants claimed that King "is the new paramour of . . . Cooper, and is in conspiracy to defraud . . . Owens by direct[ly] taking fund[s] from Allstate Logistics . . . for her own purposes and not returning the funds provided by . . . Owens to Cooper and Allstate Logistics." Trial Ct. Op., 12/6/16, at 1-2.

Appellees did not file a timely answer.[1] On September 15, 2015, Banks and Owens filed a praecipe for entry of a default judgment against Cooper individually and as an officer of Allstate. On April 12, 2016, Cooper, *pro se*, filed a petition to open the default judgment, in which he averred that he had not been properly served with the complaint. Banks and Owens opposed Cooper's petition. On May 18, 2016, the trial court granted Cooper's petition, and opened the default judgment entered against Cooper individually and as an officer of Allstate.

---

[1] We note that Allstate appears to be represented by Cooper, *pro se*, a non-lawyer and corporate officer. No counsel has entered an appearance for Allstate. Cooper's representation of Allstate is impermissible, and no further filings by Cooper on behalf of Allstate may be accepted. **See generally David R. Nicholson, Builder, LLC v. Jablonski**, 163 A.3d 1048, 1054 (Pa. Super. 2017) (holding, "LLC entities, generally, may not proceed in Pennsylvania courts of common pleas except through a licensed attorney").

Cooper and King filed a joint answer on June 7, 2016.[2]  As the trial court explained:

> [In their answer, Cooper and King] denied Appellants' allegations of underhanded behavior, claiming the $5,000 loaned by Banks was startup capital for Allstate Logistics, spent in furtherance of this business venture that unfortunately failed, and that the partnership agreement mentioned repeatedly in Appellants' Complaint was a figment of Banks' and Owens' collective imagination.  In addition, Appellees stated that, though Appellants' attorney, Arsen Kashkashian, Esq., was aware of Banks' "involvement" in Cooper's business operations, Kashkashian and Banks "agreed that no documents should be written up to discuss partnership[,] as it would affect [Banks] in other [unspecified and] outstanding cases."  Finally, Appellees maintained that Hezekiah Cooper had never borrowed any funds from Yvonne Owens, and asserted that this lawsuit was actually motivated by Yvonne Owens' anger over Cooper's decision to end their romantic relationship, and by Banks' displeasure with Cooper's cessation of their so-called "Over the Road trips."[2]
>
> _____
>
> [2] Appellees never explain what "Over the Road" means, but it appears to be a trucking industry term of art, used to describe interstate trips during which the driver lives out of his truck and does not return to his home port for weeks on end.  *See e.g.*, Over the Road: The Life of a Long-Haul Truck Driver, *truckingtruth.com, http://www.truckingtruth.com/over_the_road.htm*.

Trial Ct. Op., 12/6/16, at 1-2 (citations to the Answer and footnote 1 omitted; some formatting altered).

Meanwhile, on April 29, 2016, while Cooper's petition to open the default judgment was pending, the Honorable Idee Fox issued a "Notice of Trial Attachment," which informed the parties that their matter had been

_____

[2] Allstate did not file an answer.  Based on the pleadings, it appears that Cooper controlled Allstate.

specially listed for trial at 9:30 a.m. on July 6, 2016, in Courtroom 243 of Philadelphia City Hall. That same day, the notice was sent to Arsen Kashkashian, the lawyer for Banks and Owens, via the e-mail address he had provided to the First Judicial District when he filed the complaint. Trial Ct. Op. at 2-3.

On July 5, 2016, this case was assigned to the Honorable Ellen Ceisler for a non-jury trial to be held the next day. A member of Judge Ceisler's staff e-mailed Kashkashian on July 5, 2016, at 2:53 p.m., to inform him that the trial would begin the next day at 9:30 a.m. in Courtroom 453. Trial Ct. Op. at 3.

On July 6, 2016, Banks, Owens, and Kashkashian did not appear for the trial in either Courtroom 453 or Courtroom 243. Cooper and King, who were *pro se*, did appear and were ready for trial.[3] As a result of the failure by Banks and Owens to appear, the trial court dismissed their case with prejudice. Trial Ct. Op. at 3.[4]

On July 13, 2016, Banks and Owens filed a "Petition to Open Judgment Pursuant to Pennsylvania Rule of Civil Procedure 206.1 et seq." Banks and Owens averred that although "[t]he Complex Litigation Center . . . indicated

---

[3] The trial court does not mention whether anyone appeared on behalf of Allstate. As noted above, no counsel has entered an appearance for Allstate.

[4] In its Pa.R.A.P. 1925(a) opinion, the trial court stated that it also dismissed Anna King as a defendant in this matter. **See** Trial Ct. Op. at 3. However, there is no such order in the certified record.

that an e-mail and hard copies of notices were sent on May 3,[5] 2016," Kashkashian was unaware of the May 3 e-mail "[d]ue to a clerical error," and never received a hard copy of the notice. Pet. to Reopen at ¶¶ 5, 6. Banks and Owens contended that Kashkashian was out of the office when the July 5, 2016 e-mail was transmitted, and that the e-mail did not afford sufficient notice of the trial date. *Id.* at ¶¶ 2, 7.

Cooper, King, and Allstate did not respond to the petition to open the judgment. On August 18, 2016, the trial court denied Banks' and Owens' petition. In its order, the court explained:

> Plaintiffs' notice-related argument is not credible, as: 1. [the April 29] order was sent to Plaintiffs' counsel at the e-mail address he had provided to the First Judicial District, and 2. Plaintiffs' counsel admitted that his failure to notice the April 29, 2016 e-mail was due to a "clerical error." As such, Plaintiffs have failed to provide a reasonable explanation for their failure to appear at trial.

Order, 8/18/16.

On September 13, 2016, Banks and Owens filed a timely notice of appeal. In their appeal, Banks and Owens raise the following issues, as stated in their brief:

> I. Did the Lower Court err in failing to grant Appellant[s'] Petition to Open Judgment of Non Pros?

---

[5] Banks and Owens did not mention the April 29, 2016 notice in their petition. There is a May 3, 2016 notice on the docket, but this notice is not in the certified record and the trial court does not mention the May 3 notice in its opinion. The contents of this notice are thus unclear. It appears that Banks and Owens confused the April 29 notice with the May 3 notice.

- 5 -

a. Was the petition timely filed?

b. Did [Appellants'] attorney provide a reasonable explanation?

c. Did Appellant[s] present a meritorious cause of action?

II. Did the Lower Court abuse its discretion with regard to what is equitable under the law?

Banks and Owens' Brief at 3.[6]  All of Banks' and Owens' arguments pertain to whether the trial court improperly denied their Petition to Open.  Trial Ct. Op. at 4.

"[A] trial court's decision to deny a petition to open or strike a judgment of *non pros* is reviewed pursuant to an abuse of discretion standard."  ***Bartolomeo v. Marshall***, 69 A.3d 610, 614 (Pa. Super. 2013) (citation omitted).  "This means that the trial court's decision will be overturned only if [it] reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous."  ***Womer v. Hilliker***, 908 A.2d 269, 279 (Pa. 2006) (citation omitted).

Banks and Owens contend that the trial court abused its discretion in keeping them out of court based solely on their attorney's error.  They aver that their petition to open the judgment was promptly filed, their attorney's mistake was a sufficient explanation for their failure to appear for the trial,

---

[6] Appellees did not file a brief or participate in oral argument before this Court.

and their complaint stated viable causes of action for breach of contract and fraud.

Under Rule of Civil Procedure 218, "[w]here a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a non pros on the court's own motion." Pa.R.Civ.P. 218(a). Moreover, "[a] party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse." *Id.* 218(c).

"[A] judgment of non pros is subject to the filing of a petition under Rule 3051 for relief from a judgment of non pros." Pa.R.Civ.P. 218 Note. A petition under Rule 3051 must allege facts showing that: "(1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non pros, and (3) there is a meritorious cause of action." Pa.R.Civ.P. 3051(b). The trial court's decision in this case was based on its finding that Banks and Owens failed to satisfy the second factor. The trial court did not address the other two factors.

When evaluating the explanation or excuse proffered by a party who failed to appear for trial and is seeking to open a judgment of non pros, the court should consider:

> 1) whether the failure to appear was inadvertent; 2) whether counsel's failure to appear was part of a pattern of improper behavior, misconduct or abuse; 3) whether the court attempted to contact counsel prior to dismissing the [case]; 4) whether the

opposing party would be prejudiced by the delay; and 5) whether the court gave any consideration to lesser sanctions.

*Faison v. Turner*, 858 A.2d 1244, 1246-47 (Pa. Super. 2004) (citation omitted).

This Court has been reluctant to deny a party his or her day in court due to "simple attorney error indicating pure oversight." *Hopewell v. Hendrie*, 562 A.2d 899, 901 (Pa. Super. 1989), *appeal denied*, 577 A.2d 890 (Pa. 1990). In *Hopewell*, for example, the plaintiff's attorney mistakenly filed a discontinuance without the plaintiff's knowledge. 562 A.2d at 899. Months later, the plaintiff learned of the discontinuance. *Id.* at 900. Within thirty days, the plaintiff filed a petition to strike it. *Id.* The trial court denied that petition, but this Court held that the denial was an abuse of discretion. *Id.* We explained that the plaintiff "should not be denied her day in court simply because her attorney of record committed an error which appellant moved to correct immediately upon discovering it." *Id.* at 901-02.

The Court in *Hopewell* applied the reasoning from a plurality opinion of the Supreme Court of Pennsylvania, which also had concluded that a trial court abused its discretion in denying a request to open a judgment of non pros:

> In . . . *Jung v. St. Paul's Parish*, . . . 560 A.2d 1356 (Pa. 1989) (plurality), the Court reiterated that in the context of opening a default judgment (or a judgment of non pros), the court must ascertain whether there are any equitable considerations that weigh in favor of allowing the party against

- 8 -

whom judgment was entered [to have] his/her day in court. The Court also focused specifically on a situation like the present one, where simple attorney error indicating pure oversight, without fault of the party itself, resulted in the entry of a default judgment. In such a situation, the Court found that equity demanded the opening of the judgment.

*Hopewell*, 562 A.2d at 901 (typographical error corrected and most citations omitted). In this context, we note that the Supreme Court of Pennsylvania has admonished:

[I]t must always be borne in mind that lawsuits are more than numbers or punches in computer cards. Individual cases are, of course, of great importance to the litigants involved, and courts must not overreach in their zeal to move cases to such an extent as to allow for no deviations from strict and literal adherence to policies justifiably laid down to improve the conditions of the courts.

*Budget Laundry Co. v. Munter*, 298 A.2d 55, 58 (Pa. 1972) (*per curiam*).

In some cases, the trial court may need to conduct a hearing before ruling on a petition to open a judgment of non pros. *See Petrone v. Whirlwind, Inc.*, 664 A.2d 172, 175 (Pa. Super. 1995). In *Petrone*, a defendant's attorney failed to appear for a pre-trial conference, and after the court unsuccessfully tried twice to reach him by phone, the court dismissed the defendant's cross-claim for failure to prosecute. 664 A.2d at 173. The attorney thereafter filed a timely petition to open the judgment of non pros, claiming that "a mistake was inadvertently made in an office where this type of mistake is not a pattern and that counsel's attendance at a CLE course prevented him from being informed of the need for his presence at the pre-trial." *Id.* at 175. The trial court denied the petition without examining the

proffered explanation. *Id.* This Court reversed, explaining, "[b]ased on the allegations in the Petition, [defendant]'s counsel may have a sufficient excuse for failing to appear, or at the least to avoid a non pros. The [c]ourt is required to conduct a hearing to determine whether the excuse of counsel is satisfactory and whether the conduct warrants dismissal." *Id.*

Instantly, in their petition to reopen the judgment, Banks and Owens averred that Kashkashian did not receive a hard copy of the first notice and overlooked the first e-mail due to an unexplained "clerical error." Banks and Owens argued that the e-mail Kashkashian received the afternoon before trial did not provide sufficient notice. Without any response from Cooper, King, and Allstate, and without holding a hearing at which Kashkashian could explain his error, the trial court concluded that Banks' and Owens' explanation was not credible. There is no indication in the record that the trial court considered such factors as whether Kashkashian's failure to appear was part of a pattern of misconduct; whether efforts were made by court administration or the trial court to contact Kashkashian immediately before the hearing; whether Cooper, King, and Allstate would be prejudiced by the delay; or whether lesser sanctions could be imposed. We therefore hold that the trial court abused its discretion in denying the petition to reopen. *See Faison*, 858 A.2d at 1246-47; *Petrone*, 664 A.2d at 175.

Accordingly, we vacate the trial court's order denying Banks' and Owens' petition, and we remand for the trial court to hold a hearing at which

it can evaluate the credibility of the explanation proffered by counsel. We instruct the court to consider the factors listed in **Faison** in evaluating counsel's explanation and to address all three factors in Rule 3051 (timeliness, reasonable explanation, and merit of the cause of action).[7]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *9/26/2017*

---

[7] We also instruct the court to resolve whether King has been dismissed or not.