J-S15043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ERICA S. JACKSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEVERAGE MC, LLC T/A 1925 | : | No. 2351 EDA 2023 |
| COCKTAIL LOUNGE, AND JOSEPH | : | |
| MANSON | : | |

Appeal from the Order Entered August 21, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  191001618

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED SEPTEMBER 24, 2024**

Appellant, Erica S. Jackson (Plaintiff), appeals from an order of the Court of Common Pleas of Philadelphia County denying her petition to open a judgment of non pros.  For the reasons set forth below, we vacate and remand for the trial court to hold a hearing on the petition to open.

Plaintiff filed the instant personal injury suit against Leverage MC, LLC t/a 1925 Cocktail Lounge (Defendant Cocktail Lounge) and Joseph Manson (Defendant Manson) on October 16, 2019 seeking damages not in excess of $50,000 for injuries that she suffered from an assault committed by Defendant Manson.  Because the amount in controversy did not exceed $50,000, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

case proceeded to compulsory arbitration under 42 Pa.C.S. § 7361. On October 31, 2022, the arbitrators issued an award finding in favor of Plaintiff on her claim against Defendant Manson, awarding her $15,000 on that claim, and finding in favor of Defendant Cocktail Lounge. Arbitration Award.

Defendant Manson filed a timely appeal from the arbitrators' award for a trial *de novo* in accordance with 42 Pa.C.S. § 7361(d) on November 28, 2022. A case management order was issued on December 12, 2022, setting various pretrial deadlines and ordering that "all counsel and parties are hereby attached for the May Trial Ready Pool and counsel should anticipate trial to begin expeditiously thereafter," and a mandatory pre-trial settlement conference was held in March 2023. Case Management Order at 2 (emphasis omitted); Docket Entries. On April 27, 2023, the trial court scheduled the trial *de novo* of Plaintiff's claims against Defendant Manson for July 5, 2023. Notice of Trial Attachment. In addition, at 8:45 a.m. on July 3, 2023, the trial court sent an email to both Plaintiff's counsel and Defendant Manson's counsel reminding them of the July 5, 2023 trial date and advising them of the judge who would hear the case and a change in the courtroom in which the trial would be held. 7/3/23 Email, attached to Answer to Petition to Open Judgment of Non Pros as Ex. C.

On July 5, 2023, Defendant Manson and his counsel appeared for trial, but Plaintiff and her counsel failed to appear. Trial Court Opinion at 2. On July 7, 2023, the trial court entered a judgment of non pros against Plaintiff

for failure to appear for trial. Trial Court Order, 7/7/23. On July 12, 2023, Plaintiff filed a petition to open the judgment of non pros, in which Plaintiff's counsel asserted that he did not receive the April 27, 2023 notice of the July 5, 2023 trial date. Petition to Open Judgment of Non Pros ¶¶7-8, 10. Defendant Manson filed an answer in opposition to the petition to open, in which he disputed Plaintiff's counsel's claim that he did not receive the April 27, 2023 notice and submitted a copy of the July 3, 2023 email sent to both Plaintiff's counsel's and his counsel's email addresses reminding them of the July 5, 2023 trial date and advising them of the trial judge and a change of courtroom. Answer to Petition to Open Judgment of Non Pros ¶¶8, 10 & Ex. C. Defendant Manson also submitted with this response a copy of an email from Plaintiff's counsel on April 27, 2023, the day of the original notice of trial date, discussing the documents that he intended to use "at the upcoming trial." *Id.* ¶¶8, 10 & Ex. B.

On August 21, 2023, the trial court entered an order denying Plaintiff's petition to open the judgment of non pros without holding any hearing or oral argument. Plaintiff filed a motion for reconsideration of this order in which Plaintiff's counsel admitted that he received the July 3, 2023 email, but contended that he did not read it because July 3 was the day before the Fourth of July holiday. Motion for Reconsideration ¶¶8-11. On September 13, 2023, Plaintiff timely appealed the trial court's denial of the petition to open the

- 3 -

judgment of non pros before the trial court ruled on the motion for reconsideration.[1]

In this appeal, Plaintiff argues that she satisfied all of the requirements for opening a judgment of non pros and that the trial court therefore erred in denying her petition to open. Our standard of review of this issue is well settled:

> A trial court's decision to deny a petition to open or strike a judgment of *non pros* is reviewed pursuant to an abuse of discretion standard. This means that the trial court's decision will be overturned only if it reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

***Banks v. Cooper***, 171 A.3d 798, 801 (Pa. Super. 2017) (citations, brackets, and quotation marks omitted) (quoting ***Bartolomeo v. Marshall***, 69 A.3d 610 (Pa. Super. 2013), and ***Womer v. Hilliker***, 908 A.2d 269 (Pa. 2006)).

For this judgment of non pros to be opened, Plaintiff was required to show all of the following: (1) that her petition to open was promptly filed, (2) that there was a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non pros, and (3) she has a meritorious cause of action. Pa.R.Civ.P. 3051(b); ***Banks***, 171 A.3d at 801; ***Kruis v. McKenna***, 790 A.2d 322, 324-26 (Pa. Super. 2001). The trial court

_____

[1] Although Plaintiff did not appeal within 30 days of the entry of judgment of non pros, her appeal is timely and is properly before us because the appeal is from the denial of the petition to open the judgment of non pros, not from the judgment of non pros itself. ***Madrid v. Alpine Mountain Corp.***, 24 A.3d 380, 382 (Pa. Super. 2011).

denied the petition to open solely on the ground that Plaintiff failed to satisfy the second of these requirements. Trial Court Opinion at 4-5. Moreover, there is no dispute that Plaintiff satisfied the other two requirements, as the petition to open was filed only five days after the entry of the judgment of non pros and Plaintiff in fact prevailed on her cause of action against Defendant Manson at arbitration. The sole issue here is therefore whether the trial court abused its discretion in holding that Plaintiff did not show that she and her counsel had a reasonable explanation or legitimate excuse for the failure to appear for trial.

Failure of the plaintiff to appear for trial constitutes a proper ground for entry of a judgment of non pros. Pa.R.Civ.P. 218(a), (c); Pa.R.Civ.P. 218 Note; *Banks*, 171 A.3d at 801. Where a judgment of non pros has been entered on this basis and a petition to open the judgment is filed that sets forth a reason for the failure to appear, however, the trial court should consider the following factors in determining whether this excuse is sufficient: (1) whether the failure to appear was inadvertent; (2) whether the failure to appear was part of a pattern of improper behavior, misconduct, or abuse; (3) whether the court attempted to contact counsel prior to entering judgment of non pros; (4) whether the opposing party would be prejudiced by the delay; and (5) whether the lesser sanctions could be imposed. *Banks*, 171 A.3d at 801; *Faison v. Turner*, 858 A.2d 1244, 1246-47 (Pa. Super. 2004). In addition, where the excuse proffered by the plaintiff depends on the credibility

of assertions in the petition to open, denial of the petition to open without holding a hearing at which the credibility and sufficiency of the excuse can be evaluated and determined is an abuse of discretion. **Banks**, 171 A.3d at 802-03; **Petrone v. Whirlwind, Inc.**, 664 A.2d 172, 175 (Pa. Super. 1995).

Here, Plaintiff asserted in her petition to open that her counsel did not receive the April 27, 2023 notice of the trial date. Petition to Open Judgment of Non Pros ¶¶7-8, 10. Defendant Manson disputed this claim and put forth evidence of Plaintiff's counsel actions on April 27, 2023 that appear consistent with awareness that a trial date had been set, but there was no documentary evidence that conclusively showed that notice of the trial date was sent to Plaintiff's counsel. Although the docket entries and the April 27, 2023 notice contain notations that the April 27, 2023 notice of the July 5, 2023 trial date was sent to the parties on April 27, 2023, the only April 27, 2023 notification of the trial date in the record is an email directed solely to Defendant Manson's counsel. Answer to Petition to Open Judgment of Non Pros Ex. A. The only notification of the trial date that Plaintiff's counsel did not deny receiving was an email sent on July 3, 2023, one business day before the trial date.

The trial court, however, ruled, without holding a hearing, that Plaintiff's counsel received notice of the trial date on April 27, 2023 and concluded, without consideration of the factors that bear on the sufficiency of Plaintiff's excuse, that because Plaintiff's counsel received both the April 27, 2023 and July 3, 2023 notifications, Plaintiff had not shown a reasonable or legitimate

explanation for her failure to appear for trial. Trial Court Opinion at 5. That was an abuse of discretion. ***Banks***, 171 A.3d at 802-03; ***Petrone***, 664 A.2d at 175.

In ***Banks***, this Court held that it was an abuse of discretion to deny a petition to open a judgment of non pros without a hearing on a record strikingly similar to this case. In ***Banks***, judgment of non pros was entered when the plaintiffs and their counsel failed to appear for trial. 171 A.3d at 800. The trial court had sent a notice of the trial date to plaintiffs' counsel two months before trial and had emailed plaintiffs' counsel the day before trial stating the trial date and the courtroom where the trial would be held. ***Id.*** Plaintiffs petitioned to open the judgment of non pros, asserting that although the initial trial date notification was sent by hard copy and email, counsel did not receive the hard copy of the trial date notification and was unaware of the email "[d]ue to a clerical error" and that counsel was out of the office when the email the day before trial was transmitted. ***Id.*** On these facts, this Court vacated the trial court's denial of the petition to open without a hearing, remanded the case "for the trial court to hold a hearing at which it can evaluate the credibility of the explanation proffered by counsel," and instructed the trial court to "consider the factors listed in ***Faison*** in evaluating counsel's explanation." ***Id.*** at 803.

This case is indistinguishable from ***Banks***. A hearing was therefore necessary before the trial court could resolve the credibility dispute as to when

Plaintiff's counsel was first notified of the trial date. **Banks**, 171 A.3d at 802-03; **Petrone**, 664 A.2d at 175. In addition, before concluding that the explanation for the failure to appear was insufficient, the trial court should consider whether the failure to appear was inadvertent, whether there was a pattern of improper behavior, whether the court attempted to contact counsel prior to entering judgment of non pros, whether Defendant Manson was prejudiced by Plaintiff's failure to appear for trial, and the possibility of sanctions less severe than non pros. **Banks**, 171 A.3d at 801, 803; **Faison**, 858 A.2d at 1246-47.

For the foregoing reasons we conclude that the trial court abused its discretion in denying Plaintiff's petition to open the judgment of non pros without a hearing. We therefore vacate the trial court's order and remand this case for the trial court to hold a hearing to evaluate the credibility of Plaintiff's counsel's explanation for the failure to appear for trial and consider whether that excuse is sufficient to warrant opening the judgment of non pros under the above factors.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 9/24/2024