J-S08040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| AMIRA WILLIAMS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEBORAH D. GOLDEN-TOWNS | : | |
| | : | |
| Appellant | : | No. 375 EDA 2024 |

Appeal from the Order Entered January 3, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 211201031

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 21, 2025**

Deborah D. Golden-Towns appeals from the order denying her "Petition to Open Judgment of *Non Pros*."[1] On appeal, Golden-Towns presents four issues for review that, *inter alia*, suggest the Philadelphia County Court of Common Pleas abused its discretion in denying her petition and, even more broadly, challenge the court's date-setting process for trials. We vacate the court's order and remand for further proceedings.

The facts of the underlying dispute, to the extent they have been established at this juncture, are irrelevant for disposition of the present

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Subject to an exception not present here, an order denying a motion to open a judgment is immediately appealable. *See* Pa.R.A.P. 311(a)(1).

appeal. However, briefly, Amira Williams filed a complaint against Golden-Towns alleging Golden-Towns's negligence in a 2021 automobile accident. Golden-Towns, in response, filed a counterclaim against Williams raising the same cause of action, negligence, arising out of the same incident.[2] After that,

> [o]n September 6, 2023, the trial court entered an order reassigning the case to the November 2023 [j]ury [t]rial [p]ool and providing [Pennsylvania] Rule [of Civil Procedure] 236 notice of the order to the parties on the same date. On November 2, 2023 at 2:53 [p.m.], the trial court emailed the [n]otice of [a]ttachment for [t]rial to the parties, in particular, to [Golden-Towns's] counsel Michael Considine, Jr.[,] at ["]adventure7@gmail.com["]. The [n]otice of [a]ttachment for [t]rial indicated that jury selection would occur [the following day] on Friday, November 3, 2023[,] at 9:00 [a.m.]
>
> On November 3, 2023, neither [Golden-Towns] nor her counsel appeared in City Hall Courtroom 246 for jury selection. The trial court waited for 20 minutes. Then, at 9:32 [a.m.], the [j]udge's clerk called [Golden-Towns's] counsel. During the call, the [j]udge's clerk informed [Golden-Towns's] counsel that the case had been called for jury selection, jury selection was occurring, and asked [Golden-Towns's] counsel where he was. [Golden-Towns's] counsel stated that he did not see any notice of attachment for trial, and that this was the first notice he had received for when jury selection was scheduled. [Golden-Towns's] counsel then checked his email and saw the [n]otice of [a]ttachment for [t]rial sent the day before at 2:53 [p.m.] [Golden-Towns's] counsel asked why he received such short notice. He stated he was at his nearby Philadelphia office and available to attend jury selection. [Golden-Towns's] counsel further stated that [the trial court] had not yet ruled on a letter requesting [the trial court] to reschedule this case for a November 13, 2023 trial date certain. The [j]udge's clerk responded that he

---

[2] Golden-Towns appears to have had separate counsel for her defense and counterclaim. Golden-Towns, as defendant, settled with Williams prior to November 3, 2023, this matter's putative first day of trial. **See** N.T., 3/11/23, at 4-5.

does not schedule the trials and that he would call [Golden-Towns's] counsel back. The clerk did not tell [Golden-Towns's] counsel to come to court. The clerk never called [Golden-Towns's] counsel back.

The trial court then waited an additional period of time for [Golden-Towns's] counsel to arrive. [Golden-Towns's] counsel failed to appear. [] Williams made a [m]otion for [e]ntry of [j]udgment of [*n*]on-[*p*]*ros*. On November 3, 2023, the trial court granted . . . Williams'[s m]otion . . . and entered [j]udgment . . . in favor of . . . Williams and against . . . Golden-Towns pursuant to [Pennsylvania Rule of Civil Procedure] 218(a) and provided Rule 236 notice of the judgment of *non pros* to the parties on that same date.[3]

At about 10:00 [a.m.] on November 3, 2023, [Golden-Towns's] counsel went to City Hall Courtroom 246 and found the courtroom empty. [Golden-Towns's] counsel called opposing counsel, [the trial court], and the [c]ourt [a]dministrator. None of them answered, and, therefore, [Golden-Towns's] counsel left voicemail messages for each of them. None of them called him back. [Golden-Towns's] counsel went to the [c]ourt [a]dministrator's office who informed [Golden-Towns's] counsel that there was nothing new docketed for the case.

On November 28, 2023, [Golden-Towns] filed a [p]etition to [o]pen [j]udgment of [*n*]on-[*p*]*ros*, which the trial court denied on December 28, 2023[,] without issuing a rule to show cause as of

_____

[3] Notwithstanding the court's repeated references to *non pros*, which we have referentially adopted for ease of disposition, the record is unclear whether it was acting pursuant to a "nonsuit" or "non pros" situation. It first found that due to lack of presence at jury selection, Golden-Towns was "in default." N.T., 11/3/23, at 9. However, thereafter, counsel for Williams "moved for a *non-pros*." **Id.** The court then "granted" *non pros*. **Id**. Issued that same day, the court's order granted Williams's motion for *non pros*. **See** Order, 11/3/23. Despite what happened, our Rules of Civil Procedure provide for a bifurcated system under these circumstances, establishing that "the court may enter a nonsuit on motion of the defendant or a *non pros* on the court's own motion." Pa.R.Civ.P. 218(a). In addition, that Rule's Note indicates the existence of different procedural rules depending on whether there is a nonsuit or a judgment of *non pros*. **See id.**, Note.

course.[4]

Trial Court Opinion, 11/4/24, at 1-3 (record citations omitted).

Following the denial of her petition, Golden-Towns timely appealed. Although she raises four discrete issues, *see* Appellant's Brief, at 5-6, the gravamen of her appeal is that it was an abuse of discretion for the trial court to deny her petition to open judgment of *non pros*.

In reviewing such a contention, our standard of review is well-settled:

> [A] trial court's decision to deny a petition to open or strike a judgment of *non pros* is reviewed pursuant to an abuse of discretion standard. This means that the trial court's decision will be overturned only if [it] reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

*Banks v. Cooper*, 171 A.3d 798, 801 (Pa. Super. 2017) (citations and internal quotation marks omitted; brackets in original).

Under our Rules of Civil Procedure, "[w]here a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a *non pros* on the court's own motion." Pa.R.Civ.P. 218(a). Additionally, "[a] party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse." *Id.*, 218(c).

As the court noted in its procedural summary, neither Golden-Towns nor her counsel appeared at the November 3, 2023 jury selection process, which

_____

[4] The judge who denied the petition has since retired.

directly led to *non pros* being entered against her.

"[A] judgment of *non pros* is subject to the filing of a petition under [Pennsylvania Rule of Civil Procedure] 3051 for relief from a judgment of *non pros*." Pa.R.Civ.P. 218, Note. A Rule 3051 petition must allege facts demonstrating that: "(1) the petition is timely filed[;] (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*[;] and (3) there is a meritorious cause of action." Pa.R.Civ.P. 3051(b).

As guideposts to evaluate the facts alleged in the petition, and whether the failure to appear should be excused, a court should consider:

> (1) whether the failure to appear was inadvertent; (2) whether counsel's failure to appear was part of a pattern of improper behavior, misconduct[,] or abuse; (3) whether the court attempted to contact counsel prior to dismissing the [case]; (4) whether the opposing party would be prejudiced by the delay; and (5) whether the court gave any consideration to lesser sanctions.

*Faison v. Turner*, 858 A.2d 1244, 1246–47 (Pa. Super. 2004) (citation omitted; some parentheses added). As this Court in *Banks* noted, we have "been reluctant to deny a party his or her day in court due to simple attorney error indicating pure oversight." 171 A.3d at 801 (citation and internal quotation marks omitted). Furthermore, "[i]n some cases, the trial court may need to conduct a hearing before ruling on a petition to open a judgment of *non pros*." *Id.* at 802 (*citing Petrone v. Whirlwind, Inc.,* 664 A.2d 172, 175 (Pa. Super. 1995)). In *Banks*'s summary of *Petrone*, we recounted that

> a defendant's attorney failed to appear for a pre-trial conference,

- 5 -

and after the court unsuccessfully tried twice to reach him by phone, the court dismissed the defendant's cross-claim for failure to prosecute. [**Petrone**,] 664 A.2d at 173. The attorney thereafter filed a timely petition to open the judgment of *non pros*, claiming that "a mistake was inadvertently made in an office where this type of mistake is not a pattern and that counsel's attendance at a CLE course prevented him from being informed of the need for his presence at the pre-trial [proceedings]." *Id.* at 175. The trial court denied the petition without examining the proffered explanation. *Id.* This Court reversed, explaining, "[b]ased on the allegations in the [p]etition, [defendant]'s counsel may have a sufficient excuse for failing to appear, or at the least to avoid a *non pros*. The [c]ourt is required to conduct a hearing to determine whether the excuse of counsel is satisfactory and whether the conduct warrants dismissal." *Id.*

**Banks**, 858 A.2d at 802.

Here, Golden-Towns's petition facially meets the requirements espoused in Rule 3051. The petition: (1) indicates it was timely filed; (2) provides an excuse for the absence of counsel when *non pros* was entered; and (3) avers the underlying cause of action is meritorious. **See** Petition to Open Judgment of *Non Pros*, 11/28/23.[5] Nevertheless, the trial court did not hold a hearing on Golden-Towns's petition nor did it issue anything more than a summary denial of that petition.

In its opinion, the court, which itself seeks remand, additionally points out that it failed to comply with Philadelphia County Local Rule 206.4(c), as there was no rule to show cause issued following the filing of Golden-Towns's petition. **See** Trial Court Opinion, 11/4/24, at 4. Local Rule 206.4(c) indicates

_____

[5] We take no position as to the veracity of the petition's contents.

that "[u]pon the filing of a petition [pursuant to Pa.R.Civ.P. 206.1 *et seq*.]⁶ a rule to show cause *shall be issued as of course* by the [m]otion [c]ourt clerk on behalf of the [c]ourt." Phila. Civ. R. 206.4(c) (emphasis added). The "model" rule to show cause order reveals, *inter alia*, that "[a h]earing or [a]rgument shall be scheduled at the discretion of the [a]ssigned [j]udge." *See* Rule to Show Cause Order, Court of Common Pleas of Philadelphia.⁷

Most importantly, however, there is simply no evidence of record that the court considered the *Faison* factors. In its Pa.R.A.P. 1925(a) opinion, paralleling our own findings, the court writes that the record is silent as to whether it considered: "if counsel's failure to appear was part of a pattern of improper behavior, misconduct, or abuse, whether a delay would prejudice the opposing party, or whether imposing a lesser sanction was more appropriate." Trial Court Opinion, 11/4/24, at 5.

Accordingly, we vacate the trial court's order denying Golden-Towns's petition and remand for the court to hold a hearing at which point it can evaluate the credibility of counsel's explanation in the context of the factors enumerated in *Faison*. With the *Faison* factors in mind, the court must then juxtapose those precepts against the constituent parts of Rule 3051,

---

⁶ Pennsylvania Rule of Civil Procedure Rule 206.1(a)(1) indicates a petition to open a judgment of *non pros* fits within its auspice.

⁷ A hyperlink to "the current version of the [r]ule to [s]how [c]ause [o]rder" can be found in the Note to Phila. Civ. R. 206.4(c).

ascertaining whether Golden-Towns's petition was, in fact, timely filed, inclusive of a reasonable explanation or legitimate excuse, and, derived from the pleadings, containing a meritorious cause of action.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/21/2025