J-S31029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ABDELTIF ALEAHBAR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CELINA VELEZ, AND LM GENERAL | : | No. 2877 EDA 2024 |
| INSURANCE COMPANY | : | |

Appeal from the Order Entered October 3, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  230401769

BEFORE:  PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 6, 2025**

Appellant, Abdeltif Aleahbar, appeals from the October 3, 2024 order entered by the Philadelphia County Court of Common Pleas denying Appellant's petition to open judgment of *non pros*, which the court entered after counsel failed to appear for jury selection in litigation involving a motor vehicle accident.  After careful consideration, we vacate the order denying Appellant's petition to open judgment of *non pros* and remand for a hearing.

The facts of the underlying motor vehicle accident are unrelated to the issues on appeal, which involve interactions between Appellant's counsel, Feeda R. Musitief, Esq. ("Counsel"), and the trial court.  On April 18, 2023, Appellant filed his complaint in the underlying motor vehicle litigation against Appellees, Celina Velez and LM General Insurance Company.  On July 10, 2024, the trial court filed a pretrial order assigning the instant case to the

August 2024 trial pool.[1]  The order stated, "[a]s a pool case, this matter is subject to call for trial upon next day notice, which means that **the [c]ourt may call this case for trial up to 3:00 p.m. on the day before jury selection commences**."   Pretrial Order, 7/10/24, at ¶ 2 (emphasis in original).

On August 16, 2024, the court sent counsel a "Notice Regarding Trial," which stated that the instant case was "next on the list to be called for trial." Notice, 8/16/24.  The Notice explained that the court "expects this case will be called to trial within the next 10 days" and indicated it could be called as early as the next day if other cases settled.  **Id.**  It specified that the court "reserves the right to call a case on 'next day call[,]'" reiterating that the court could "call this case to trial up to 3[ p.m.] to start trial on the next day."  **Id.**

The court recounted that on "August 21, 2024, at approximately 2:11 p.m., Jennifer Stewart of the Complex Litigation Center sent an email to counsel advising that the case had been assigned for jury selection the following day, August 22, 2024 at 9:00 a.m."  Trial Ct. Op., 5/7/25, at 2. While the email does not appear in the certified record, the docket sheet includes an entry of "Notice Given" at 2:08 p.m. on August 21, 2024.  A separate entry of the same date and time states "Notice Given Under Rule 236" with a notation, however, indicating "Notice Given on 22-Aug-2024[.]"

---

[1] While docketed July 10, 2024, the court dated the order July 3, 2024.

The record also includes a "Notice of Trial Attachment," indicating that jury selection would occur on August 22, 2024, and that trial would begin on August 26, 2024. This notice includes a stamp stating, "copies sent pursuant to Pa.R.C[iv].P. 236(b) . . . 08/22/2024." The corresponding docket entry is August 22, 2024 at 7:30 a.m. The docket and record additionally reveal that Appellees' counsel filed proposed *voir dire* at 3:54 p.m. on August 21, 2024.

The court summarized the events of August 22, 2024, which led to the court entering judgment of *non pros*, pursuant to Pa.R.Civ.P. 218, based upon Appellant's counsel's failure to appear for jury selection:

> [O]n the morning of jury selection, court staff met with counsel for Appellees at 8:45 a.m., who advised that Appellant had not yet arrived. At approximately 9:15 a.m., court staff called the offices of [C]ounsel to inquire the reason for his lateness. The secretary for [C]ounsel stated that they had not received any notification for jury selection on August 22, 2024. The lower court was then advised [C]ounsel would not be able to appear for jury selection due to a case in another jurisdiction. The lower court entered a judgment of *non pros* for the failure to appear at trial without a satisfactory excuse.

Trial Ct. Op. at 2.

On August 30, 2024, [C]ounsel filed a Motion for Reconsideration and a Petition to Open Judgment of *Non Pros*. Counsel claimed that his staff received the E-Notification of Trial Attachment at 8:37 a.m. on August 22, 2024, and that, prior to that notification, Counsel was unaware that the court had scheduled jury selection for the same day. Appellant's Petition to Open Judgment of *Non Pros*, 8/30/24, at ¶¶ 2-3. Counsel asserted that he had not seen Ms. Stewart's email on August 21, 2024, noting that the email had not

been sent via E-Notification and further suggesting that the email could have been "delayed due to server/internet issues or went into a filter." *Id.* at ¶¶ 4-6. Counsel maintained that email notification was inconsistent with his experience of the court's practice for "approximately eighteen years" of notifying counsel of the date of jury selection by phone. *Id.* at ¶ 10.

Counsel also claimed that his secretary called the court at 8:55 a.m., upon receipt of the E-Notification and informed court staff that Counsel was unaware of the scheduled jury selection and was "far away preoccupied with prior commitments." *Id.* at ¶ 13. Counsel averred that court staff told his secretary "that it should not be a problem" and to call back after 10:00 a.m. *Id.* at ¶ 14. According to Counsel, when his secretary called back, court staff told her that the judge "would be making a decision whether he was going to move it to the next trial pool." *Id.*

Counsel asserted that at 9:37 a.m., while his secretary was in conversation with court staff, he received information that his sister's apartment in New Jersey caught fire due to an "exploding oven," attaching photos to his petition. *Id.* at ¶ 15. He claims that after being told that the judge "was working on moving" jury selection, he "pivoted to providing counsel to his sister." *Id.* at ¶ 16.

Counsel argued that the court violated Appellant's right to due process by failing to provide "reasonable notice or accommodation[,]" asserting that entering judgment against a party for failure to appear after receiving less than 24 hours of notice is "manifestly unreasonable[.]" *Id.* at ¶¶ 20-24 (citing

*City of Philadelphia v. Albert's Restaurant, Inc.*, 176 A.3d 367 (Pa. Cmwlth. 2017)).

The court denied Appellant's Motion for Reconsideration on September 27, 2024, and denied Appellant's Petition to Open Judgment of *Non Pros* on October 3, 2024. Notably, the court entered the orders without holding a hearing to address Appellant's factual assertions.

On October 25, 2024, Appellant filed a notice of appeal of the order denying his petition to open the *non pros*. The trial court filed its opinion without requesting a Pa.R.A.P. 1925(b) statement from Appellant.

Appellant raises the following questions on appeal:

[1] Did the trial court abuse its discretion by entering a judgment of [*non pros*] against Appellant where []Counsel did not receive formal notification until the morning of the jury selection, was informed by his secretary that the court's clerk said the day of jury selection would likely be moved, and where the morning of jury selection his sister's residence in New Jersey suddenly caught on fire causing him to direct his attention to assisting on the family emergency?

[2] Did the [trial court] abuse its discretion in entering a judgment of [*non pros*] where [C]ounsel failed to appear for jury selection due to a lack of adequate notice, thereby violating Appellant['s] [d]ue [p]rocess rights?

[3] Did the [trial court] err by providing a single late-day email sent less than 24 hours before the proceedings without formal confirmation or e-notification, which failed to provide meaningful notice under [d]ue [p]rocess and the practical realities of modern litigation?

[4] Did the [trial court] err in imposing the severe sanction of judgment of [*non pros*], effectively dismissing Appellant's case without prejudice, where Appellant demonstrated diligence throughout the litigation and no pattern of delay, neglect, or bad faith existed?

- 5 -

Appellant's Br. at 3-4.

"A request to open a judgment of *non pros* . . . is in the nature of an appeal to the equitable powers of the court[.]" ***Bartolomeo v. Marshall***, 69 A.3d 610, 613 (Pa. Super. 2013). Thus, we review a trial court's decision refusing to open a judgment of *non pros* for abuse of discretion and will reverse only if the decision "reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." ***Womer v. Hilliker***, 908 A.2d 269, 279 (Pa. 2006).

Pennsylvania's Rules of Civil Procedure provides that a trial court may enter a judgment of *non pros* "on [its] own motion" "if without satisfactory excuse a plaintiff is not ready" when the case is called for trial. Pa.R.Civ.P. 218(a). "A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse." Pa.R.Civ.P. 218(c).

Rule 3051 governs relief for a judgment of *non pros* and permits a party to file a petition to open the judgment by alleging "facts showing that (1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of [*non pros*,] and (3) there is a meritorious cause of action." Pa.R.Civ.P. 3051(b). In the instant case, the trial court stated that it based its decision "upon its finding that Appellant failed to satisfy the second element" requiring a reasonable explanation for not appearing for jury selection. Trial Ct. Op. at 3.

In evaluating a party's explanation for failing to appear, a court should consider the following factors:

1) whether the failure to appear was inadvertent; 2) whether counsel's failure to appear was part of a pattern of improper behavior, misconduct or abuse; 3) whether the court attempted to contact counsel prior to dismissing the case; 4) whether the opposing party would be prejudiced by the delay; and 5) whether the court gave any consideration to lesser sanctions.

*Faison v. Turner*, 858 A.2d 1244, 1246-47 (Pa. Super. 2004) (citation omitted).

"This Court has been reluctant to deny a party his or her day in court due to simple attorney error indicating pure oversight." *Banks v. Cooper*, 171 A.3d 798, 801 (Pa. Super. 2017) (citation and internal quotation marks omitted). Rather, courts should "ascertain whether there are any equitable considerations that weigh in favor" of allowing the case to continue. *Id.* at 802 (citation omitted). In some cases where the judgment of *non pros* resulted from attorney oversight "without fault of the party itself," we have opined that "equity demanded the opening of the judgment" *Id.* (citation omitted). In addition, this Court has opined that where "counsel may have a sufficient excuse for failing to appear," the court should "conduct a hearing to determine whether the excuse of counsel is satisfactory and whether the conduct warrants dismissal." *Id.* (citing *Petrone v. Whirlwind, Inc.*, 664 A.2d 172 (Pa. Super. 1995)).

Similar to the instant case, the trial court in *Banks* dismissed the party's case after counsel failed to appear for a non-jury trial despite an email sent at approximately 3 p.m. the day before informing counsel that trial would

begin the next morning.[2]  171 A.3d at 800.  The trial court denied the party's petition to open, rejecting as not credible the party's claim that counsel had not received notice of the trial date due to a clerical error.  *Id.* at 802-03. This Court vacated the order denying the petition to open and remanded for the court to hold a hearing to evaluate counsel's explanation for failing to attend trial and to address the **Faison** factors, which the trial court had not addressed.  *Id.*

In **Petrone**, the trial court entered judgment of *non pros* after counsel failed to appear at a pre-trial settlement conference that had been listed in the Pittsburgh Legal Journal and after the court twice attempted unsuccessfully to contact counsel by phone.  664 A.2d at 173.  In denying the party's petition to open, the trial court neither held a hearing nor addressed the counsel's explanation for failing to appear.  This Court concluded that Rule 3051 requires "a more thorough inquiry[.]" *Id.* at 175.  Specifically, the Court held that because counsel had alleged "a sufficient excuse for failing to appear, or at the least to avoid a [*non pros*,]" the trial court should have held "a hearing to determine whether the excuse of counsel is satisfactory and whether the conduct warrants dismissal." *Id.*  This Court remanded for the court to consider, *inter alia*, the "drastic sanction imposed and the need to do

---

[2] In **Banks**, the court also sent an email providing the trial date more than a month prior to trial, which counsel claimed they had not received.  171 A.3d at 800.

justice between the parties as balanced with the court's desire to control its schedule[.]" *Id.*

Appellant presents four issues which all allege that the trial court abused its discretion when it entered judgment *non pros* based upon Appellant's failure to appear for jury selection. Appellant's Br. at 7-17. He contends that the trial court violated his due process rights by entering a judgment of *non pros* after providing less than 24 hours' notice of jury selection and by providing the notice via an "informal email" rather than using the e-notification system or calling the parties as he claims was the court's prior practice. *Id.* at 7-9. Appellant also asserts that the court, in addressing his petition to open, should have taken into account the lack of adequate notice, Counsel's family emergency, and the absence of any pattern of delay in Appellant's litigation of the case. Appellant emphasizes that the delay in jury selection would have only caused inconvenience rather than prejudice to Appellee, such that the extreme action of dismissing Appellant's case was not justified. *Id.* at 13-15. Appellant contends that Counsel's failure to appear for jury selection was not "misconduct, but an honest error, amplified by the sudden nature of the family emergency." *Id.* at 10.

Upon careful review, we conclude that the court abused its discretion in denying Appellant's petition to open without first holding a hearing to assess the credibility of Counsel's excuse in addressing whether his failure to appear was inadvertent, the first *Faison* factor. Rather than providing Appellant with the opportunity to prove his counsel's excuse of not receiving the notice, the

court focused on the notice it sent and Appellee's receipt of it, which are not relevant to whether Counsel received the notification. Trial Ct. Op. at 5. Based upon **Banks** and **Petrone**, we conclude that the court should have held a hearing to address Counsel's credibility prior to denying the petition to open judgment of *non pros*. Accordingly, we vacate the order denying Appellant's petition to open judgment of *non pros* and remand for a hearing.[3]

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

---

[3] In so doing, we acknowledge that the court found Appellant's averments regarding the events of the day to be "wholly inconsistent" with the court and Appellees' recollection. Trial Ct. Op. at 6. Specifically, the court accused Appellant of the following:

> (i) misrepresenting Appellant['s] first contacting the court; (ii) stating the court did not send notice until the day of jury selection; (iii) averring that court staff told Appellant that it might be possible to move jury selection to the following day; (iv) stating that the court typically calls counsel by telephone to make notification about jury selection.

*Id.* The court relied upon these statements in relation to the second **Faison** factor: whether the party exhibited a pattern of improper behavior, misconduct or abuse. These statements, however, do not implicate a pattern of behavior; rather, they pertain to the credibility of Counsel's excuse for failing to appear, an issue which the court should address at a hearing, as stated above.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/6/2025