J-S10045-23

2023 PA Super 203

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MACH TRANSPORT, LLC | : | |
| | : | |
| Appellant | : | No. 1003 EDA 2022 |

Appeal from the Judgment of Sentence Entered March 11, 2022
In the Court of Common Pleas of Bucks County
Criminal Division at No:  CP-09-SA-0000504-2021

BEFORE:  PANELLA, P.J., LAZARUS, J., and STABILE, J.

OPINION BY STABILE, J.:                    **FILED OCTOBER 13, 2023**

Appellant, Mach Transport, LLC, was issued a traffic summons for driving an unregistered vehicle, 75 Pa.C.S.A. § 1301.  A magisterial district justice found Appellant guilty and fined Appellant $4,652.00, and Appellant timely appealed to the court of common pleas.  On the day of trial, Appellant appeared in court through counsel.  Counsel and the Commonwealth agreed that Appellant would pay a reduced fine.  The trial court accepted the agreement, entered a disposition of guilty and imposed the reduced fine.

Appellant now appeals to this Court and asks us to vacate its guilty plea because it was unknowing, unintelligent, and involuntary.  Appellant asserts that (1) its attorney entered the guilty plea by mistake by relying on a registration for another vehicle, and (2) the registration for the correct vehicle demonstrates that it was properly registered on the date of the traffic stop. For the reasons that follow, we remand for further proceedings concerning whether Appellant is entitled to *vacatur* of its guilty plea.

Appellant, a limited liability corporation, is a Kentucky trucking company. On January 22, 2021, a police officer conducted a traffic stop on a tractor trailer owned by Appellant. The operator of the vehicle could not provide a valid registration for the vehicle, so the officer issued a citation for driving an unregistered vehicle. On October 21, 2021, a magisterial district justice found Appellant guilty under Section 1301 and imposed a fine of $4,652.00. Appellant appealed to the Court of Common Pleas of Bucks County for a trial *de novo*.

On the date of trial, March 11, 2022, counsel for Appellant appeared as the lone representative on Appellant's behalf. The Commonwealth informed the court, "This is an agreement . . . where the Commonwealth agrees to reduce the fine to the amount of $2,326.00." N.T., 3/11/22, at 2. Counsel for Appellant advised that Appellant "[was] not present, [but] I have the authority to go ahead and enter this [agreement] on [Appellant's] behalf." *Id.* The Commonwealth stated that it had no objection to counsel negotiating the agreement on Appellant's behalf. *Id.* The court asked whether counsel "discussed with [Appellant] the fact that [counsel] was going to negotiate in [an] attempt to get this [agreement]?" *Id.* at 3. Counsel answered, "Yes." *Id.* The court asked, "And your client was agreeable to that?" *Id.* Counsel answered, "Yes." *Id.* The court stated, "Based on that I will grant the resolution that has been worked out between the Commonwealth and [Appellant]." *Id.* On the disposition sheet, the court checked the box marked "guilty" as well as the boxes marked "agreement," "pay costs," "pay fines"

- 2 -

and "amended." Miscellaneous Criminal Court and Information Sheet, 3/11/22. The court also wrote, "Reduce fine to $2,326.00 under 60-day suspension." *Id.*

On April 11, 2022, Appellant filed a notice of appeal to this Court. Subsequently, Appellant filed a concise statement of errors complained of on appeal in which it raised one issue: "Did the trial court err in accepting Appellant's guilty plea as it was not knowing, intelligent and voluntary since Appellant provided a current vehicle registration but it was not presented during plea negotiations?" The trial court filed a Pa.R.A.P. 1925 opinion recommending that this Court affirm Appellant's judgment of sentence. The court stated, "[A]t the March 11, 2022 hearing, Appellant never entered into a guilty plea nor was Appellant's case dismissed; rather this Court merely granted the Resolution stipulated to between Appellant and the Commonwealth." Opinion, 6/23/22, at 3.

Appellant presents a single issue in this appeal: "Did the Trial Court err in accepting Appellant's guilty pleas [sic] as it was not knowing, intelligent and voluntary since Appellant provided a current vehicle registration but it was not presented during plea negotiations?" Appellant's Brief at 4.

Appellant asks this Court to vacate its guilty plea on the ground that Appellant's counsel entered the plea by mistake. In an affidavit appended to Appellant's brief, counsel averred that he had the correct registration in his possession on the date of the common pleas hearing but mistakenly entered

the guilty plea by using a registration for another vehicle.[1] The correct registration demonstrates that the vehicle stopped by the police was properly registered in Kentucky on the date of the stop. Appellant's brief concludes, "Appellant in no way made a knowing, intelligent and voluntary agreement to plead guilty to driving an unregistered vehicle [because] the vehicle was legally registered." Appellant's Brief at 10.

The Commonwealth's brief does not address whether Appellant entered a guilty plea. Instead, the Commonwealth states that "in the interests of justice, as [Appellant] appears to have facially set forth a claim of [its] innocence based on after-discovered evidence, the Commonwealth has no objection to a remand of this matter to the trial court" for Appellant to raise a claim of after-discovered evidence. Commonwealth's Brief at 4.

We begin by addressing Appellant's argument that the court of common pleas erred in declining to vacate its guilty plea. Three questions require consideration: (1) whether the court had the authority to accept a guilty plea in an appeal from a summary criminal conviction from a magisterial district justice court, (2) whether the record demonstrates that Appellant entered a guilty plea, and (3) whether the court should consider Appellant's request to withdraw its guilty plea.

---

[1] The Commonwealth correctly points out this issue could not have been raised in the trial court, since Pa.R.Crim.P. 720(D) expressly provides that there shall be no post-sentence motion following a trial *de novo* in the court of common pleas. Appellant's first opportunity to raise its issue therefore was on appeal to this Court.

We answer the first question in the affirmative. In summary cases, the Rules expressly permit guilty pleas in a magisterial district justice court, **see** Pa.R.Crim.P. 454(A-B), but the Rules are conspicuously silent as to whether guilty pleas are permissible in common pleas court in appeals from a magisterial district justice court. The only procedures that the Rules expressly authorize in appeals are (1) dismissal of the appeal if the defendant fails to appear on the date of trial, Pa.R.Crim.P. 462(D); (2) withdrawal of the appeal by the defendant, Pa.R.Crim.P. 462(E); or (3) trial *de novo* followed immediately by the verdict and sentencing (if necessary), Pa.R.Crim.P. 462(A), (F). The Comment to Rule 462 states that procedures in summary appeals are "comparable" to the summary trial case procedures in Rule 454 (procedures before magisterial district justices). The term "comparable" means that the procedures on appeal are similar, but not identical, to procedures in a magisterial district justice court. **See** Merriam-Webster.com (defining "comparable" as "similar, like"). Thus, the Comment leaves open whether guilty pleas are available in appeals from a magisterial district justice court.

Although the Rules are silent, the Judiciary Code establishes that common pleas courts have the authority to accept guilty pleas in appeals of summary criminal cases from a magisterial district justice court. The Code provides in relevant part that "[e]very judge of a court of common pleas shall have all the powers of a . . . magisterial district judge of the minor judiciary." 42 Pa.C.S.A. § 912. Since Pa.R.Crim.P. 454 authorizes magisterial district

justices to accept guilty pleas in summary criminal cases, Section 912 extends the same authority to common pleas judges in appeals from a magisterial district justice court.[2]

The next question is whether Appellant actually entered a guilty plea in common pleas court. The court asserts that "Appellant never entered into a guilty plea . . . rather this Court merely granted the Resolution stipulated to between Appellant and the Commonwealth." Pa.R.A.P. 1925 Opinion, 6/23/22, at 3. In our view, however, the "resolution" was equivalent to a negotiated guilty plea. A guilty plea is "an admission of all the elements of a formal criminal charge." **Commonwealth v. Thompson**, 351 A.2d 280, 282 (Pa. 1976). In a negotiated guilty plea, the defendant admits all elements of the charge in exchange for some concession by the Commonwealth, *e.g.*, a reduced sentence. Comment, Pa.R.Crim.P. 590. Although the parties did not

_____

[2] This application of Section 912 is beneficial to our criminal justice system. It has been approximated that in the past, ninety percent of all criminal cases end with guilty pleas. Alschuler, Plea Bargaining and Its History, 79 Colum. L. Rev. 1 (1979). Without guilty pleas, the already large backlog of cases in our criminal justice system might swell beyond the breaking point. Section 912 helps reduce this backlog by authorizing guilty pleas in summary criminal appeals. As the United States Supreme Court has observed, plea bargaining is "inherent in the criminal law and its administration" and that "[d]isposition of charges after plea discussions is not only an essential part of the [criminal] process but a highly desirable part for many reasons." **Id.** citing **Brady v. United States**, 397 U.S. 742, 751 (1970).

Although Section 912 fills a gap left open by the Rules of Criminal Procedure, we respectfully suggest that it would assist practitioners for our Supreme Court to amend the Rules to state explicitly that guilty pleas are available in appeals from summary convictions in magisterial district justice court.

expressly state that Appellant was "pleading guilty," they informed the court that Appellant agreed to pay a reduced fine of $2,326.00. Counsel for Appellant further advised that Appellant consented to counsel negotiating this agreement with the Commonwealth.[3] These facts reflect a negotiated plea in which Appellant admitted guilt for driving an unregistered vehicle in return for a reduced fine.

The third and final question is whether the court should consider Appellant's request to withdraw its guilty plea. Upon review, we remand this case with the directive that the trial court conduct a hearing on this issue.

The present case involves a post-sentence attempt to withdraw a guilty plea, so the attempt must satisfy a stricter standard than a pre-sentence motion to withdraw a guilty plea. In a pre-sentence motion, the defendant must offer a claim of innocence that is "at least plausible to demonstrate, in and of itself, a fair and just reason for . . . withdrawal of a plea." **Commonwealth v. Carrasquillo**, 115 A.3d 1284, 1292 (Pa. 2015). In contrast, to prevail on a post-sentence request to withdraw a plea, "[a] defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly,

_____

[3] It is permissible for an attorney to enter a guilty plea on behalf of a corporate client, since "a corporation may appear in court only through an attorney at law admitted in practice before the court." **Walacavage v. Excell 2000, Inc.**, 480 A.2d 281, 284 (Pa. Super. 1984). The same principle applies to limited liability corporations such as Appellant. **Banks v. Cooper**, 171 A.3d 798, 799 n.1 (Pa. Super. 2017).

intelligently, and voluntarily." ***Commonwealth v. Hart***, 180 A.3d 660, 664 (Pa. Super. 2017). "The determination of the existence or nonexistence of manifest injustice lies . . . with the trial court in the first instance." ***Commonwealth v. Starr***, 301 A.2d 592, 595 (Pa. 1973). To determine whether a guilty plea is knowing, intelligent, and voluntary, the court must examine the totality of the circumstances surrounding the plea. ***Id.***

In this case, Appellant argues that its guilty plea was unknowing and unintelligent because it is actually innocent of driving an unregistered vehicle. Appellant argues that its counsel mistakenly entered Appellant's guilty plea based on a registration issued to another vehicle. The correct registration, Appellant continues, demonstrates that its vehicle was properly registered at the time of the traffic stop. In effect, Appellant contends that it would be manifestly unjust not to allow it to withdraw its guilty plea because there was no factual basis for the plea.

Manifest injustice may occur, *inter alia*, when a defendant enters a guilty plea based on a mistake of fact that his attorney failed to recognize in advance of the guilty plea hearing. ***See Commonwealth v. Hodges***, 789 A.2d 764, 765, 767 (Pa. Super. 2002) (denial of request to withdraw guilty plea constituted manifest injustice, where (1) defendant entered guilty plea in first degree murder case to avoid death penalty and was sentenced to life imprisonment, (2) defense counsel believed mistakenly that defendant was seventeen years old at time of offense, but (3) defendant was actually fifteen

- 8 -

years old at time of offense and therefore could not be subject to death penalty; under these circumstances, defendant's plea agreement was not knowing, intelligent or voluntarily). Alternatively, manifest injustice may occur when a defendant provides evidence that satisfies the after-discovered evidence doctrine. Under this doctrine, relief is available when the evidence (1) could not have been obtained prior to conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. ***Commonwealth v. Rivera***, 939 A.2d 355, 359 (Pa. Super. 2007). The after-discovered evidence doctrine also applies to evidence discovered after a guilty plea that meets these four standards. ***Commonwealth v. Peoples***, 319 A.2d 679, 681 (Pa. 1974).

In view of the evidence allegedly demonstrating Appellant's innocence, we remand this case to the trial court for further proceedings concerning whether to vacate Appellant's guilty plea where it would be manifestly injustice not to do so. ***Starr***, 301 A.2d at 595 (determination of manifest injustice lies with trial court in the first instance).

Case remanded for further proceedings in accordance with this opinion. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/13/2023</u>