J-S43009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT ALLEN KLINE | : | |
| | : | |
| Appellant | : | No. 1129 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 21, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000612-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT ALLEN KLINE | : | |
| | : | |
| Appellant | : | No. 1130 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 21, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000613-2022

BEFORE:  BOWES, J., STABILE, J., and KUNSELMAN, J.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 11, 2024**

Scott Allen Kline appeals from the aggregate judgment of sentence of eleven and one-half to twenty-three months of incarceration and six years of probation after he pled guilty to various sexual offenses committed against his minor daughter.  Before this Court, Maria Heller, Esquire, has petitioned to withdraw as Appellant's counsel and filed a brief pursuant to ***Anders v.***

*California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). We grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

We glean the following facts from the certified record. Between the years of 2013 and 2021, Appellant committed several sexual and physical assaults against his biological daughter when she was between four and twelve years old. Appellant would force the child to sleep with him at night when he was naked. On at least five occasions he pressed his penis against her lower back and between the back of her thighs while in bed. Appellant would also expose himself to her around the house. In one incident, he urinated on the floor and had the victim clean it up. In another, Appellant struck the child on the back of the head with such force that she fell and lost consciousness. He pulled her up by her hair when she regained consciousness.

Appellant was charged with one count each of indecent assault, corruption of minors, and simple assault and two counts of endangering the welfare of children. He pled guilty to all charges. At the plea hearing, the trial court confirmed that Appellant completed a guilty plea colloquy form and engaged in an oral plea colloquy. Appellant accepted the Commonwealth's factual basis for the plea and confirmed his desire to plead guilty.

The trial court deferred sentencing based on the parties' request. The Sexual Offender Assessment Board ("SOAB") thereafter conducted an investigation and issued a report finding Appellant to be a sexually violent

predator ("SVP"). When the matter proceeded to sentencing, the Commonwealth presented Bruce E. Mapes, Ph.D., to testify as to whether Appellant should be deemed an SVP. At the conclusion of Dr. Mapes's testimony, the trial court found that Appellant met the criteria for being designated as an SVP. The court imposed the above-referenced sentence. Based on Appellant's convictions, he must register pursuant to Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA").

Appellant, then represented by Shannon McDonald, Esquire, filed a motion for reconsideration.[1] Therein, he requested to withdraw his guilty plea, which the trial court denied. Attorney McDonald withdrew from the case, and Appellant filed a *pro se* notice of appeal. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement and Appellant complied. The trial court issued a responsive Rule 1925(a) opinion. The court then appointed Attorney Heller. She requested that the appeal be discontinued and Appellant's rights be reinstated under the Post Conviction Relief Act, which was granted. Attorney Heller then filed a counseled notice of appeal, and the trial court again ordered a Rule 1925(b) statement. In response, Attorney Heller filed a statement pursuant to Pa.R.A.P. 1925(c)(4) indicating her intent to file a petition to withdraw and an **Anders** brief. The trial court issued a responsive

---

[1] Attorney McDonald entered her appearance after sentencing. Appellant was represented by different counsel through the guilty plea hearing and sentencing.

Rule 1925(a) opinion stating that it found no merit in Appellant's claims and requesting that this Court dismiss the appeal.

As noted, counsel filed an *Anders* brief and an application seeking leave to withdraw. Accordingly, the following legal principles guide our review:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof. . . .

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa.Super. 2007) (cleaned up).

Our Supreme Court has further required the following:

[I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

- 4 -

*Santiago*, 978 A.2d at 361. If this Court is satisfied that counsel has fulfilled these requirements, we proceed to examine whether the case is wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1196 (Pa.Super. 2018) (*en banc*).

Based upon our examination of Attorney Heller's application to withdraw and *Anders* brief, we conclude that counsel has substantially complied with the requirements set forth above.[2] Counsel presented a summary of the facts and procedural history, referred to issues that could arguably support the appeal, concluded that the appeal is frivolous, and cited caselaw. *See Anders* brief at 4-36. Counsel has also supplied the brief to Appellant and advised him of his right to continue *pro se* or hire new counsel. *See* Application to Withdraw, 8/27/24, at Exhibit 3. Therefore, we proceed to "make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Commonwealth v. Flowers*, 113 A.3d 1246, 1249 (Pa.Super. 2015) (quoting *Santiago*, 978 A.2d at 354 n.5).

Counsel has identified the following three issues, which are drawn from Appellant's motion to reconsider and *pro se* Rule 1925(b) statement, that would arguably support an appeal:

> [1.] Whether the trial court erred in denying Appellant's motion to withdraw his guilty plea after sentencing?

---

[2] Appellant did not file a response to counsel's application to withdraw.

- 5 -

[2.]  Was sufficient evidence presented for the court to find Appellant met the criteria to be classified as a sexually violent predator?

[3.]  Did the trial court impose an illegal sentence considering constitutional challenges to SORNA?

***Anders*** brief at 2 (capitalization altered).

We begin with Appellant's attempt to withdraw his guilty plea after sentencing.  "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court."

***Commonwealth v. Dinell***, 270 A.3d 530, 533 (Pa.Super. 2022).  Further,

[a] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice.

Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly.  In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea.  Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

***Commonwealth v. Jabbie***, 200 A.3d 500, 505 (Pa.Super. 2018) (cleaned up).  Manifest injustice may also occur where

a defendant provides evidence that satisfies the after-discovered evidence doctrine.  Under this doctrine, relief is available when the evidence (1) could not have been obtained prior to conclusion of trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Mach Transp., LLC***, 305 A.3d 22, 27 (Pa.Super. 2023).

In Appellant's motion to reconsider, he claimed that after his plea but before sentencing, former counsel discouraged him from raising potentially

- 6 -

exculpatory evidence that would rebut some of the victim's allegations. In the *Anders* brief, counsel acknowledges this argument and further adds that the elements of the charges were not specifically outlined in the oral or written plea colloquies. Notwithstanding these concessions, counsel argues in her *Anders* brief that Appellant's claim cannot succeed based on the plea proceedings wherein he acknowledged the charges, accepted the factual basis supporting the plea, waived certain rights, and stated his satisfaction with his representation.

We agree with counsel that the trial court acted within its discretion to deny Appellant's request to withdraw his guilty plea. The trial court engaged in a substantive oral colloquy with Appellant at the guilty plea hearing. Appellant did not indicate that he was dissatisfied with his representation, he did not understand the plea, or the facts were incorrect. Instead, he attested that he understood the charges, was aware he was waiving certain rights, accepted the Commonwealth's facts, and was satisfied with his representation. *See* N.T. Guilty Plea Hearing, 5/24/23, at 5-9. He also signed and initialed the written plea colloquy wherein the charges were listed and his waiver of rights explained. *See* Guilty Plea Colloquy, 5/24/23, at 1-10.

Appellant further agreed in writing that his attorney described the elements of the offenses and that he was satisfied with his representation. *Id*. at 5, 9. Additionally, at no time has Appellant addressed the elements of the after-discovered evidence doctrine. Rather, he has only baldly claimed

that certain journal entries that he discovered after sentencing could refute some of the allegations in the complaint. *See* Motion for Reconsideration, 12/1/23, at ¶¶ 5(a)-(c). In sum, there is no indication that Appellant did not enter the guilty plea knowingly, intelligently, voluntarily, and understandingly. *See Jabbie*, 200 A.3d at 505.

The next issue identified by counsel regards the sufficiency of the evidence to support Appellant's SVP classification. We recite the following applicable principles:

> A challenge to a trial court's SVP designation presents a challenge to the sufficiency of the evidence for which our standard of review is *de novo* and our scope of review is plenary. A challenge to the sufficiency of the evidence to support an SVP designation requires the reviewing court to accept the undiminished record of the case in the light most favorable to the Commonwealth. The reviewing court must examine all of the Commonwealth's evidence without consideration of its admissibility. A successful sufficiency challenge can lead to an outright grant of relief such as a reversal of the SVP designation, whereas a challenge to the admissibility of the expert's opinion and testimony is an evidentiary question which, if successful, can lead to a new SVP hearing. . . . We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

*Commonwealth v. Aumick*, 297 A.3d 770, 776-77 (Pa.Super. 2023) (cleaned up). The SVP determination process is as follows:

> After a person has been convicted of an offense listed in 42 Pa.C.S. § 9799.14, the trial court then orders an assessment to be done by the SOAB to help determine if that person should be classified as an SVP. An SVP is defined as a person who has been convicted of a sexually violent offense and who has a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality

disorder, the evidence must show that the defendant suffers from a congenital or acquired condition that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory. Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to reoffend, an opinion about which the Commonwealth's expert is required to opine. However, the risk of re-offending is but one factor to be considered when making an assessment; it is not an independent element.

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189-90 (Pa.Super. 2015) (cleaned up).

In Appellant's motion to reconsider, he argued that Dr. Mapes did not thoroughly address whether Appellant has a mental abnormality. Counsel additionally notes in her *Anders* brief that Dr. Mapes considered some facts outside of those to which Appellant pled guilty. Counsel nonetheless opines that Dr. Mapes's testimony alone was sufficient for the trial court to deem Appellant an SVP.

We agree with counsel that the Commonwealth presented sufficient evidence for the trial court to find that Appellant met the criteria of being an SVP. It first established that Appellant pled guilty to sexually violent offenses, including corruption of minors and indecent assault. *See* 42 Pa.C.S. § 9799.14. The Commonwealth also presented Dr. Mapes's expert opinion that Appellant suffers from pedophilic disorder, which is considered a congenital or acquired condition. *See* N.T. SVP and Sentencing Hearing,

11/21/23, at 21. Dr. Mapes further attested that Appellant is likely to reoffend based on this disorder. *Id*. Lastly, he testified that Appellant's actions were predatory considering the "totality of the information," including Appellant's age at the time of the abuse compared to the victim and the prolonged nature of the abuse. *Id*. at 23-24. Dr. Mapes was also permitted to consider facts outside those that Appellant pled guilty to as "the judge is not tasked with evaluating the veracity of the facts underlying the expert's testimony" in an SVP hearing. *Commonwealth v. Aumick*, 297 A.3d 770, 782 (Pa.Super. 2023). Accordingly, the court had sufficient evidence to find Appellant met the criteria to be designated an SVP. *See id*. (stating that in an SVP hearing, "an expert's opinion which is rendered to a reasonable degree of professional certainty is, itself, substantive evidence").

Counsel's last issue of potential merit is Appellant's contention that his sentence is illegal based on constitutional challenges to SORNA. In Appellant's motion to reconsider, he argued that the Chester County Court of Common Pleas had already deemed Subchapter H of SORNA unconstitutional and, thus, it should have found Appellant's sentence illegal. Counsel contends that recent Supreme Court precedent moots Appellant's argument.

A brief background is elucidatory. In 2018, a judge on the Chester County Court of Common Pleas found that Subchapter H of SORNA was unconstitutional. Relevantly, the judge concluded that the irrebuttable presumption that sexual offenders were at a high risk of reoffending was

constitutionally infirm, and Subchapter H imposed unconstitutional punishment. The Commonwealth appealed that decision to our Supreme Court, which vacated the order that declared Subchapter H unconstitutional and remanded for additional evidence concerning recidivism of sexual offenders. *See Commonwealth v. Torsilieri*, 232 A.3d 567 (Pa. 2020) ("*Torsilieri I*"). After evidentiary hearings pursuant to *Torsilieri I*, the trial court again found Subchapter H unconstitutional and the Commonwealth once more appealed to the Supreme Court. The High Court concluded in *Commonwealth v. Torsilieri*, 316 A.3d 77 (Pa. 2024) ("*Torsilieri II*"), that Torsilieri did not meet his high burden of proving that the irrebuttable presumption was unconstitutional or that Subchapter H amounts to criminal punishment.

Herein, at the time of Appellant's motion for reconsideration and the trial court's opinions, the Chester County decision after remand in *Torsilieri I* was on appeal to our Supreme Court. However, the High Court issued *Torsilieri II* before counsel filed the *Anders* brief and application to withdraw. Counsel argues that Appellant's argument is thus moot.

We agree with counsel that *Torsilieri II* has resolved Appellant's issue. Appellant's motion to reconsider explicitly relied solely upon the decision of the Chester County Court of Common Pleas that followed *Torsilieri I*. *See* Appellant's Motion for Reconsideration, 12/1/2023, at ¶ 7(e) (arguing that the trial court "needs to account for this 2020 *Torsil*[*i*]*eri* opinion . . . that SORNA

is unconstitutional"). However, our High Court reversed that decision in *Torsilieri II* concluding that Torsilieri did not meet his high burden to establish that Subchapter H was punitive or that the irrebuttable presumption was unconstitutional. Appellant set forth no additional arguments or evidence beyond citing the Chester County decision deeming SORNA unconstitutional. Accordingly, Appellant's reliance on the reversed decision renders his argument moot.

Based on the foregoing, we agree with Attorney Heller that the instant appeal is wholly frivolous and therefore grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

Application of Maria Heller, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/11/2024