J-A22012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRUCE L. WISHNEFSKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAWAD A. SALAMEH, M.D. | : | No. 1496 WDA 2022 |

Appeal from the Order Entered November 16, 2022
In the Court of Common Pleas of Somerset County Civil Division at
No(s):  654 Civil 2016

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                **FILED: November 30, 2023**

Bruce L. Wishnefsky appeals *pro se* from the order denying as untimely his petition to strike the judgment of *non pros* entered in his action against Jawad A. Salameh, M.D. ("Dr. Salameh").  We affirm.

This matter has a substantial history and is presently before this Court for the third time.  For purposes of our review, it is sufficient to recount that Appellant is currently serving a sentence of forty-five to ninety years for convictions relating to sexually abusing two children.  On December 16, 2016, he filed a *pro se* complaint against Dr. Salameh, then medical director of State Correctional Institution - Laurel Highlands, asserting a professional liability claim based on the doctor's refusal to refer Appellant to a urologist.

Early in the proceedings, Appellant filed a motion for determination of whether a certificate of merit ("COM") must be filed.  Before the motion was decided, Dr. Salameh filed a notice of intent to enter judgment of *non pros*

based on Appellant's failure to file a COM, and later a praecipe for entry of judgment. The trial court denied Appellant's subsequent petition to strike the judgment of *non pros*, and Appellant appealed to this Court. We reversed the matter and remanded for additional proceedings for reasons not relevant herein. ***See Wishnefsky v. Salameh***, 193 A.3d 1091 (Pa.Super. 2018) (unpublished memorandum).

After remand, the trial court vacated the entry of judgment and entered an order directing Appellant to file a COM within sixty days. Appellant failed to do so. In June of 2019, Dr. Salameh filed another praecipe for entry of judgment of *non pros*, but neglected to file a copy of his notice of intent. When the trial court again denied Appellant's subsequent petition to strike the judgment, Appellant appealed. This Court determined that because Dr. Salameh did not file a copy of a notice of intention to file for judgment of *non pros*, the judgment could not stand. ***See Wishnefsky v. Salameh***, 253 A.3d 252, 2021 WL 1235390 at *3 (Pa.Super. 2021) (non-precedential decision). Accordingly, we vacated and remanded the matter a second time.

The trial court and the parties then participated in a case management conference on June 14, 2021. At its conclusion, the court granted Appellant an additional twenty days to file a COM, which Appellant failed to do. He did, however, move for leave to amend his complaint. The court permitted Appellant to amend several of the paragraphs, denying the request as to the remainder because they suggested a new cause of action after the statute of limitations had expired. The order granting leave was entered on July 21,

2021. On August 9, 2021, Dr. Salameh served and filed another notice of intent to enter judgment of *non pros* based upon Appellant's failure to submit a COM, and then a corresponding praecipe for entry of judgment on September 20, 2021.

On September 19, 2022, nearly a full year later, Appellant petitioned to strike the judgment. After entertaining argument, the trial court denied the petition, finding that it was not promptly filed pursuant to Pa.R.C.P. 3051(b). This timely appeal followed.

Both Appellant and the trial court complied with Pa.R.A.P. 1925. Appellant raises the following three issues on appeal:

I. Whether the trial court erred when it denied Appellant's petition to strike judgment *non pros*, because it believed the petition was untimely, when there is no set time to file a petition to strike.

II. Whether the trial court erred when it held that a [COM] is required for the claim that arose when Dr. Salameh was the medical director, with overall responsibility for the provision of medical case for S.C.I. Laurel Highland's inmates, but was not Appellant's treating physician.

III. Was the praecipe for judgment premature since the notice of intent to dismiss was filed and served before [thirty] days had elapsed since the filing of the amended complaint[?]

Appellant's brief at 1-2 (cleaned up).

We begin with a review of the pertinent law. This Court has stated that "the decision to deny a petition to open or strike a judgment of *non pros* is reviewed pursuant to an abuse of discretion standard." ***Banks v. Cooper***, 171 A.3d 798, 801 (Pa.Super. 2017) (citation omitted). As such, "the trial

court's decision will be overturned only if it reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Id*.

Rule 3051 governs the procedure for challenging a judgment of *non pros*, providing in relevant part as follows:

> (a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.
>
> (b) [Excepting when a judgment is entered for lack of activity], if the relief sought includes the opening of the judgment, the petition shall allege facts showing that
>
>> (1) the petition is timely filed,
>>
>> (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and
>>
>> (3) there is a meritorious cause of action.

Pa.R.C.P. 3051.

In his first issue, Appellant disputes that his petition to strike was untimely. In total, he argues thusly:

> The trial court relies on Pa.R.C.P. 3051(b), to justify its belief that Appellant's petition to strike is untimely. Rule 3051(b) states, "if the relief sought includes the opening of the judgment, the petition shall allege facts showing that . . . the petition is timely filed." By its own language, Rule 3051(b) only applies when the relief sought is to **open** the judgment, not to **strike** the judgment, which is the relief sought here.

Appellant's brief at 4 (cleaned up and emphases added).

The trial court found that Appellant's petition to strike was untimely since it was filed almost a year after entry of the judgment of *non pros* and

- 4 -

because Appellant provided no explanation as to why he failed to challenge the judgment sooner. *See* Trial Court Opinion, 1/27/23, at 5-6. It observed that Rule 3051's timeliness requirement applies whether a petition is styled as one seeking to strike a judgment or open it. *Id*. at 5 (citing *Sahutsky v. Mychak, Geckle & Welker, P.C.*, 900 A.2d 866, 869 (Pa.Super. 2006) and *Stephens v. Messik*, 799 A.2d 793, 797 (Pa.Super. 2002)). Further, the court recounted that at oral argument, when asked about why it took so long to file the petition, Appellant responded by stating "[y]our Honor, I cannot give you any explanation for that." *Id*. at 5-6 (citing N.T. Argument, 11/15/22, at 4).[1]

Upon review of the certified record, we conclude that the court did not abuse its discretion by denying the petition to strike. Our caselaw is clear that the timeliness requirement in Rule 3051 applies to both petitions to open and petitions to strike. *See Sahutsky*, *supra* at 869 (stating that "in all cases where *non pros* has been entered, . . . a petition **to strike off** or open must be timely filed after the *non pros* in order to preserve the issue for appeal" (emphasis added)). Thus, we reject Appellant's contrary and constrained interpretation of Rule 3051.

---

[1] For his part, Dr. Salameh joins the trial court's rationale that the petition was untimely. *See* Dr. Salameh's brief at 22-25. In addition, Dr. Salameh encourages this Court to find that even if the petition was timely filed, we should nonetheless affirm the trial court's decision pursuant to the equitable doctrine of laches. *Id*. at 24-25.

Further, we readily agree with the trial court that the instant petition was not promptly filed. This Court has previously observed that "unexplained delays of 37, 41, and 47 days render a petition to open untimely." *Madrid v. Alpine Mountain Corp.*, 24 A.3d 380, 383 (Pa.Super. 2011) (citations omitted). Stated another way, even if filed within a month-and-a-half of entry of a judgment, a petition will not be considered timely absent a reasonable explanation or legitimate excuse. Here, it took Appellant 364 days, nearly twelve full months, to file his petition to strike. Moreover, he admittedly could not proffer **any** explanation as to why he did not challenge the judgment sooner. *See* N.T. Argument, 11/15/22, at 4. Under these circumstances, the court's finding of untimeliness was not "manifestly unreasonable" or "clearly erroneous." *Banks*, *supra* at 801. Therefore, Appellant is not entitled to relief on this claim.

In his second and third issues, Appellant attacks the validity of the underlying judgment of *non pros* on two bases: first, because he believes that he should not have been required to file a COM, and second, because the praecipe for entry of the judgment was entered less than thirty days from the filing of the amended complaint, purportedly in violation of Rule 1042.6(a).[2]

---

[2] This rule provides that, excepting certain limited circumstances not applicable here, a party seeking to enter a judgment of *non pros* "shall file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented, no sooner than the thirty-first day after the filing of the complaint." Pa.R.C.P. 1042.6(a).

*See* Appellant's brief at 4-6. However, we note that "failure to promptly file a [Rule] 3051 petition to strike or open the judgment of *non pros* operates as a waiver of any rights to address issues concerning the underlying judgment of *non pros* and, therefore, precludes our review of the entry of the judgment . . . in the first instance." *Stephens*, *supra* at 797; *see also Horwath v. DiGrazio*, 142 A.3d 877, 879-80 (Pa.Super. 2016) (holding that "failure to file a timely or rule-compliant petition to open operates as a waiver of any right to address issues concerning the underlying [judgment of *non pros*]"). As discussed above, Appellant did not promptly file his petition to strike, instead waiting nearly a year before doing so. Accordingly, he has waived all issues relating to the underlying judgment, and we are therefore precluded from reviewing Appellant's remaining claims.

For all of the foregoing reasons, we affirm the trial court's order denying Appellant's petition to strike the judgment of *non pros*.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/30/2023