J-S47045-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHATYRAH JEFFERSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ALAINIS JEAN-BAPTISTE AND ALAIN | : | No. 1485 EDA 2024 |
| JEAN-BAPTISTE | : | |

Appeal from the Order Entered April 26, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230303496

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED APRIL 10, 2025**

Shatyrah Jefferson ("Jefferson") appeals from the order entered by the Philadelphia County Court of Common Pleas ("trial court") denying her petition to open a judgment of non pros, which was entered after Jefferson and her attorney, Piayon Lassanah ("Lassanah"), failed to attend a compulsory arbitration hearing. Finding that the trial court erred by failing to hold a hearing on Jefferson's petition to open, we vacate the order and remand for further proceedings.

On September 8, 2022, Jefferson was allegedly struck by a vehicle driven by Alainis Jean-Baptiste and owned by Alain Jean-Baptiste ("the Jean-Baptistes"). Jefferson filed suit against the Jean-Baptistes for negligence on March 31, 2023, and the matter was scheduled for an arbitration hearing to take place on February 8, 2024.

On January 18, 2024, the Jean-Baptistes' counsel requested a continuance of the arbitration date. Lassanah agreed to the continuance on the same day, despite being out of the country. The arbitration was rescheduled for March 22, 2024. Lassanah received notice of the new arbitration date. At that point, Lassanah allegedly forwarded the notice to his paralegal, who neglected to place the new date on Lassanah's calendar.

On March 1, 2024, the Jean-Baptistes' counsel sent a letter to Lassanah regarding evidence counsel intended to produce at the arbitration.[1] Lassanah received the letter the following day. On March 3, 2024, Lassanah and the Jean-Baptistes' counsel exchanged emails, with the new arbitration date of March 22 listed in the subject line.

On March 22, 2024, Lassanah and Jefferson failed to attend the arbitration. Lassanah was also unresponsive to attempts made by the Jean-Baptistes' counsel to contact him on the day of the arbitration. The trial court entered a judgment of non pros that same day against Jefferson based upon her failure to appear. On April 1, 2024, Lassanah filed a petition to open the judgment of non pros, alleging that the new arbitration date was never entered on his calendar because of staffing turnover and him being out of the country. Counsel for the Jean-Baptistes filed a response. The trial court

_____

[1] **See** Pa.R.Civ.P. 1305(b).

denied the petition without a hearing. This timely appeal followed.[2] Both Jefferson and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Jefferson raises the following four issues for our review:

1. Whether the [trial] court should have held a hearing to address the merits of Jefferson's petition to open non pros and decide as to which prong Appellant failed to satisfy[?]

2. Whether the trial court erred and/or abused its discretion by not considering the factors set forth in **Banks v. Cooper**, 171 A.3d 798 (Pa. Super. 2017)[?]

3. Whether the [trial court] erred and/or abused its discretion in denying Jefferson's petition to open non pros[?]

4. Whether equity required that the non pros be reopened[?]

Jefferson's Brief at 2 (some capitalization omitted; issues reordered for ease of disposition).[3]

We review a trial court's decision to deny a petition to open a judgment of non pros for an abuse of discretion. **Madrid v. Alpine Mountain Corp.**, 24 A.3d 380, 382 (Pa. Super. 2011) (citation omitted). "[T]he trial court's

---

[2] A party must appeal from the order denying the motion to open the judgment of non pros, rather than from the entry of the judgment of non pros. **See Stephens v. Messick**, 799 A.2d 793, 798 (Pa. Super. 2002).

[3] The Jean-Baptistes argue that we should dismiss the appeal based on the late filing of the docketing statement and Jefferson's brief. Jean-Baptistes' Brief at 6-7. "[T]he late filing of an appellate brief may result in sanctions from the appellate court, including ... dismissal of the appeal, where the late filing impedes our review." **Clark v. Peugh**, 257 A.3d 1260, 1264 n.1 (Pa. Super. 2021) (cleaned up). We decline to dismiss the instant appeal as Jefferson's late filings have not impeded our review. **Id**.

decision will be overturned only if it reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." **Banks**, 171 A.3d at 801 (citation and brackets omitted).

"A request to open a judgment of non pros, like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court[.]" **Madrid**, 24 A.3d at 381 (citation omitted). To open a judgment of non pros, a petitioner must allege facts showing: "(1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non pros, and (3) there is a meritorious cause of action." Pa.R.Civ.P. 3051(b)(1)-(3); **see also Madrid**, 24 A.3d at 381.

When deciding whether a reasonable explanation or legitimate excuse exists, a court should consider the following factors:

> 1) whether the failure to appear was inadvertent; 2) whether counsel's failure to appear was part of a pattern of improper behavior, misconduct or abuse; 3) whether the court attempted to contact counsel prior to dismissing the case; 4) whether the opposing party would be prejudiced by the delay; and 5) whether the court gave any consideration to lesser sanctions.

**Banks**, 171 A.3d at 801 (citation and brackets omitted). Further, "the court must ascertain whether there are any equitable considerations that weigh in favor of allowing the party against whom judgment was entered to have his/her day in court." **Id.** at 802 (citation and brackets omitted).

"In some cases, the trial court may need to conduct a hearing before ruling on a petition to open a judgment of non pros." **Id.** For example, if a

plaintiff's excuse depends on the credibility of assertions contained in the petition, a trial court abuses its discretion by denying a petition to open without holding a hearing. **See id.** at 803 (finding the trial court must "hold a hearing at which it can evaluate the credibility of the explanation proffered by counsel"); **see also Petrone v. Whirlwind, Inc.**, 664 A.2d 172, 175 (Pa. Super. 1995) (stating the trial court is required to conduct a hearing on the petition to open non pros "to determine whether the excuse of counsel is satisfactory and whether the conduct warrants dismissal").

Jefferson contends that the trial court abused its discretion in denying her petition to open judgment of non pros without holding a hearing. Jefferson's Brief at 8, 10, 12. Jefferson argues that she provided a reasonable and legitimate excuse for not appearing at the arbitration. **Id.** at 8-9. She claims that an oversight resulted in Lassanah not placing the new arbitration date on his calendar. **Id.** Jefferson notes that Lassanah continued to speak with the Jean-Baptistes' counsel in anticipation of the arbitration, which further establishes the mistake in failing to put the new date on his calendar. **Id.** at 11-12. According to Jefferson, the trial court could not properly assess the credibility of her assertions and evaluate the excuse without a hearing. **Id.** at 10. Instead, she maintains that the trial court confuses the issue of whether Lassanah was aware of the new date—Lassanah admits he was aware—with whether he had a reasonable excuse. **Id.** at 11. Jefferson further contends that the trial court failed to consider all five factors in determining

whether a reasonable excuse existed, highlighting that it only considered two of the five factors and did not consider lesser sanctions or whether the Jean-Baptistes were prejudiced. *Id.* at 13-18.

Here, there is no dispute that Jefferson's petition was timely, and her cause of action was sufficiently meritorious. *See* Trial Court Opinion, 8/21/2024, at 3 n.1; *see also* Pa.R.Civ.P. 3051(b)(1), (3). Thus, the only question is whether Jefferson offered a reasonable explanation or a legitimate excuse for failing to appear at the scheduled arbitration hearing. In her petition to open, Jefferson argued that the "failure to appear in this matter was the result of [Lassanah's] oversight due to staffing issues and being out of the country at the time the [o]rder rescheduling the arbitration to March 22, 2024 was entered, thus this matter never being entered on the calendar and [Jefferson] never being made aware of the new date." Petition to Open, 4/1/2024, ¶ 12; *see also id.* ¶¶ 5, 6. In the response to the petition to open, the Jean-Baptistes affirmed that Jefferson agreed to the new arbitration date, noting that the new arbitration date was docketed on January 18, 2024; their counsel sent Lassanah an arbitration "20-day letter" on March 1, 2024, detailing the records that would be introduced at the arbitration; their counsel called Lassanah on the day of the arbitration; and the parties exchanged e-mails on March 3, 2024, regarding the arbitration. Response, 4/19/2024, ¶¶ 5, 6, 8, 12.

The trial court found Jefferson did not provide a reasonable explanation:

… Lassanah does not dispute that he received [the Jean-Baptistes'] counsel's 20-day letter on March 2, 2024, which includes the March 22 arbitration date in the subject line of the cover email. [] Lassanah responded to the email on the same date. Thus, the [trial c]ourt finds it implausible, as [] Lassanah contends in the petition, that he was never made aware of the new date. [] Lassanah's explanation is further undermined by the communications leading to the January 18 continuance. Counsel conferred about the continuance, [the Jean-Baptistes'] counsel filed the application, and the Arbitration Center issued the new date all on January 18, 2024. [] Lassanah now claims he was out of the country on that day. But [] Lassanah clearly was receiving email on that day. [] Lassanah consented to a 35[-]day (or five week) continuance. The Arbitration Center continued the case for 43 days via email notice, which [] Lassanah should have received. It was incumbent on [] Lassanah to, at that point, make a notation of the new date.

Even if [] Lassanah had staffing issues at his law office, and even if [] Lassanah was out of the country when the Arbitration Center continued the original hearing, [] Lassanah either knew or should have known of the new date at the earliest on January 18, 2024, but certainly no later than March 2, 2024, when he received the 20-day letter from [the Jean-Baptistes'] counsel. [] Lassanah provides no explanation (and does not acknowledge the 20-day letter) for why he ignored the arbitration date that was in the subject line of the 20-day letter. He does not claim a mistake, or that he saw the arbitration date in the email and calendared the hearing for a different day. In the absence of any explanation of the 20-day letter, the [trial c]ourt finds [] Lassanah's recitation to lack candor.

Moreover, [] Lassanah does not explain his whereabouts on the date of the hearing. [The Jean-Baptistes'] counsel attempted to contact [] Lassanah while waiting at the Arbitration Center, but [] Lassanah apparently was unavailable. There is no indication [] Lassanah, at any time later in the day, attempted to contact the Arbitration Center or [the Jean-Baptistes'] counsel to provide an explanation.

Trial Court Opinion, 8/21/2024, at 4-5.

The foregoing reflects that, without holding a hearing, the trial court made a credibility determination regarding Jefferson's excuse based on the averments in the petition and response. Furthermore, there is no indication in the record that the trial court considered whether Lassanah's failure to appear was part of a pattern of misconduct; whether the Jean-Baptistes would be prejudiced by the delay; or whether lesser sanctions could have been imposed. **See Banks**, 171 A.3d at 801. As we have previously held, this constitutes an abuse of the trial court's discretion.[4] **Id.** at 803 (holding that trial court abused its discretion in denying plaintiffs' petition to open judgment of non pros because the court found, without holding a hearing, that the explanation for the failure to appear at trial was not credible and the court failed to consider all five factors in evaluating whether the proffered excuse was reasonable); **Petrone**, 664 A.2d at 175 (finding the trial court abused its discretion in denying the petition to open a judgment non pros without holding a hearing as there was "no indication in the record that the trial court considered the reasons provided and balanced them against the sanction order").

We therefore conclude that the trial court abused its discretion in denying Jefferson's petition to open the judgment of non pros without holding

---

[4] Further, "[t]his Court has been reluctant to deny a party his or her day in court due to 'simple attorney error indicating pure oversight.'" **Banks**, 171 A.3d at 801 (citation omitted).

a hearing or engaging in the required considerations. We vacate the trial court's order denying Jefferson's petition and we remand for the trial court to hold a hearing to determine whether Lassanah's explanations are credible. In doing so, the court must expressly consider the five factors identified in **Banks** to evaluate counsel's explanation. **See Banks**, 171 A.3d at 801.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/10/2025