J-A08020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CECELIA OLUGBADE-OSEYEMI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIRIAM PHILIP | : | No. 1629 EDA 2024 |

Appeal from the Order Entered May 2, 2024
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2022-25228

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 28, 2025**

Cecelia Olugbade-Oseyemi appeals from the order dismissing her complaint after she failed to appear for trial. Because the court's Rule 1925(a) opinion indicates it intended to enter judgment of *non pros* based on Olugbade-Oseyemi's failure to appear, we vacate and remand.

Olugbade-Oseyemi filed a complaint against Miriam Philip, seeking $500 for the alleged conversion of her daughter's bicycle. She thereafter filed a praecipe to send the case to arbitration, which contained an affirmation that the parties agreed that all discovery was complete.

After arbitration, Olugbade-Oseyemi filed an appeal from the award of arbitrators, requesting a jury trial. She also filed a motion to compel Philip to respond to her request to produce documents. The court entered a discovery order.

The trial court scheduled a *de novo* bench trial. The scheduling order stated that the previous order concerning outstanding discovery was "moot," because the parties had previously agreed that discovery was complete. Trial was twice continued and ultimately scheduled for 9:00 a.m. on May 2, 2024.

Four days before trial, Olugbade-Oseyemi requested trial be continued due to outstanding discovery and alleged spinal stenosis pain. The court denied the request for a continuance on the basis that (1) the parties' arbitration praecipe affirmed that discovery was complete; (2) the court would accommodate Olugbade-Oseyemi's medical issue by providing comfortable seating and periodic trial breaks; and (3) the matter had already been continued twice. *See* Order, 4/30/24.

According to the docket, on 9:19 a.m. on the morning of trial, Olugbade-Oseyemi filed with the Clerk of Courts a motion to compel a response to her interrogatories and request for production of documents. *See* Motion, 5/2/14, at 1 (prothonotary timestamp). The court entered an order at 9:50 a.m., stating the following,

> AND NOW, this 2nd day of May, 2024, this matter having been called for Trial this date and, for reasons set forth on the record this date, this complaint is hereby DISMISSED.

Order, 5/2/24, at 1 (prothonotary timestamp).

That same day, Olugbade-Oseyemi filed a notice of appeal. She raises one issue:

> Whether the Montgomery [County] Court of Common Pleas committed errors of law, violated [Olugbade-Oseyemi's] constitutional rights, Pa[.] Code of judicial conduct, and abused

its power and discretion when it unduly and capriciously dismissed [Olugbade-Oseyemi's] case even though [Olugbade-Oseyemi] reported at [the] courtroom with 10/10 spinal stenosis pain and informed [the] court staff that [she] was in serious pain, needed to go to the bathroom to eas[e] herself and to drop a document off at the [prothonotary] downstairs before the judge comes in.

Olugbade-Oseyemi's Br. at 4.

Olugbade-Oseyemi argues the court abused its discretion in dismissing her complaint. She contends she arrived on time for trial, but the trial judge had not yet taken the bench. Olugbade-Oseyemi asserts she told the courtroom staff that she needed to use the bathroom and to drop off a document at the prothonotary's office. By the time she returned to the courtroom, the court had dismissed her case. She argues that her continuance request alerted the court that she was experiencing "spinal stenosis exacerbation symptoms, that included radiating and shooting 10/10 pain" at the time. *Id.* at 13. She further asserts she filed the discovery motion on the morning of trial because she had only filed the praecipe for arbitration (affirming that discovery was complete) after court staff told her that arbitration was mandatory due to the amount of money at issue, and even though she informed them that discovery was incomplete.

In its Rule 1925(a) opinion, the trial court states that it entered a judgment of *non pros* pursuant to Rule 218(a) due to Olugbade-Oseyemi's failure to appear at trial. **See** Trial Court Opinion, 6/18/24, at 6. The court contends that because Olugbade-Oseyemi failed to file a motion to open the

*non pros*, we should find she waived all issues for appeal. **See** Trial Ct. Op. at 5-6.[1]

Rule 218(a) provides, "Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or *non pros* on the court's own motion." Pa.R.Civ.P. 218(a) (italics added). The Rule allows the court to determine the plaintiff has no satisfactory excuse at the time they fail to appear. **See id.** at 218(c) ("A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse"); **see also id**. at Explanatory Comment--1993.[2]

A party seeking relief from a judgment of *non pros* entered under Rule 218 must file a petition to open the judgment. **See** Pa.R.Civ.P. 3051(a); **see also See** Pa.R.Civ.P. 218 (Explanatory Comment--1993) ("If the court enters a nonsuit or a judgment of *non pros* or dismisses an appeal and there exists a sufficient excuse, the aggrieved party may present the excuse through a

---

[1] The court alternatively advances that Olugbade-Oseyemi waived her issues by failing to request the transcript of trial pursuant to Pa.R.Civ.P. 1911. The court also substantively defends its dismissal of the case under Pa.R.Civ.P. 218(a) and (c), asserting that, according to its handwritten notes, Olugbade-Oseyemi first arrived at 9:10 and then left, was not present in the courtroom when the court took the bench at 9:23 a.m., and returned to the courtroom at 9:30, after her case had been dismissed. The court claims these circumstances would have been substantiated by a transcript of the proceedings.

[2] "While we recognize that explanatory notes are nonbinding, this Court has found the explanatory notes and comments accompanying rules of civil procedure to be both persuasive and instructive." **In re C.A.J.**, 319 A.3d 564, 574 n.3 (Pa.Super. 2024) (internal quotation marks and citation omitted).

motion to remove the nonsuit or a petition to open the judgment or reinstate the appeal") (italics added).[3] On a petition to open, the trial court must determine whether "(1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*, and (3) there is a meritorious cause of action." Pa.R.Civ.P. 3051(b) (italics added); *Banks v. Cooper*, 171 A.3d 798, 801 (Pa.Super. 2017). In the context of a failure to appear, the court must also consider:

> (1) whether the failure to appear was inadvertent; (2) whether [the] failure to appear was part of a pattern of improper behavior, misconduct or abuse; (3) whether the court attempted to contact [the party] prior to dismissing the appeal; (4) whether the opposing party would be prejudiced by the delay; and (5) whether the court gave any consideration to lesser sanctions.

*Banks*, 171 A.3d at 801 (citation omitted).

If the appellant fails to file a petition to strike or open, the appellate court will find all issues waived. *Cardona v. Buchanan*, 230 A.3d 476, 479-80 (Pa.Super. 2020) (finding challenge to entry of *non pros* under Rule 218 waived where appellant failed to file petition to open judgment). This is because the appellant has not presented on the record her argument or evidence regarding her reasons for failing to appear. Nor has the trial court had the opportunity to make the requisite findings, such as whether there was

---

[3] The party may file a petition to strike off the judgment, rather than a petition to open. This avenue for relief is only applicable where there are defects appearing on the face of the record. *Mumma v. Boswell, Tintner, Piccola & Wickersham*, 937 A.2d 459, 463 (Pa.Super. 2007).

a satisfactory excuse for the appellant's failure to appear, whether the other party has been prejudiced, and whether a meritorious cause of action exists. Without these determinations, we are unable to assess whether the court abused its discretion in denying the petition to open. ***See*** Pa.R.Civ.P. 218 (Explanatory Comment--1993) (explaining that a petition to open "will result in a record which will enable an appellate court to review the trial court's action to determine if there has been an abuse of discretion"); ***Anderson v. Pennsylvania Fin. Resp. Assigned Claims Plan***, 637 A.2d 659, 662 (Pa.Super. 1994) (affirming where appellant did not challenge order dismissing case under Rule 218(a) by filing motion in trial court, because this "would have resulted in a record which would have enabled this Court to conduct meaningful appellate review to determine whether the trial court committed an abuse of discretion"). We emphasize that the inquiry governing whether to grant relief from the entry of a judgment of *non pros* is different than whether the *non pros* was properly entered. ***Compare*** Pa.R.Civ.P. 218(a) ***with*** Pa.R.Civ.P. 3051(a); ***see also Intech Metals, Inc. v. Meyer, Wagner & Jacobs***, 153 A.3d 406, 410-11 (Pa.Super. 2016) (explaining differences between standard for entering judgment of *non pros* based on inactivity and standard for granting relief from judgment of *non pros*).

Here, the court apparently intended to enter a judgment of *non pros*. However, neither the order under appeal nor the docket entries state a *non pros* was entered. Nor do they allude to Rule 218(a), which would indicate either the entry of a nonsuit or a *non pros*. Instead, the court entered an order

dismissing the complaint "for the reasons set forth on the record," even though the record contains no reasons for the dismissal except those later expressed in the Rule 1925(a) opinion, wherein the court also finds the issue waived.

If we consider as done that which ought to have been done, and treat the order dismissing the complaint as the entry of a *non pros*, we would be constrained to find Olugbade-Oseyemi waived all issues by failing to file a petition to open. We decline to go down that road. Nothing of record shows that the court entered a *non pros*, and as a result, nothing suggests that Olugbade-Oseyemi had notice that she ought to move to open the judgment.

We find the appropriate avenue in this case is to remand for the court to enter a judgment of *non pros*, as it apparently intended. This will allow Olugbade-Oseyemi the opportunity to petition to open the judgment and for the lower court to consider that request in the first instance.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/28/2025

- 7 -